P. M. Ruthfield, Appellee, v. Louisville Fuel Company, Appellant.

Gen. No. 41,691.

416

Heard in the third division of this court for the first district at the April term, 1941. Opinion filed January 7, 1942.

ZIMMERMAN & NORMAN, of Chicago, for appellant; AUSTIN M. ZIMMERMAN and DONALD R. KERR, both of Chicago, of counsel.

LOUIS N. GROSSMAN, of Chicago, for appellee; MAURICE A. WINKLER, of Chicago, of counsel.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

On January 23, 1939, plaintiff filed a complaint in the circuit court of Cook county against the Louisville Fuel Company, a corporation, and averred that on March 1, 1923, the defendant issued its bonds in the sum of $200,000; that in due course for a valuable consideration and before maturity he became the owner and holder of 20 bonds, each in the sum of $500; that each of the bonds, by its terms, became due on March 1, 1933, and bore interest at the rate of 7 per cent per annum from the date of issuance; that interest coupons Nos. 1 to 7 inclusive, attached to each of the bonds, were duly paid and canceled, and he prayed for judgment in the principal sum of $10,000, plus interest at the rate of 7 per cent per annum from September 1, 1926. A copy of the bond, attached to and made a

part of the complaint, shows that the interest was payable semiannually. When the summons was turned over to the sheriff for service, the attorney for the plaintiff directed that it be served on the defendant, "c/o Fred A. Marshall, 626 S. Clark St." The return of the sheriff certifies that he served the writ "on the within named defendant, Louisville Fuel Company, a corporation, by leaving a copy thereof with c/o Fred A. Marshall, an agent of said corporation, this 16th day of February, 1939." On March 6, 1939, the Louisville Fuel Company filed an appearance for the sole purpose of moving to quash the summons and the return thereon. At the same time Fred A. Marshall filed a written motion to quash the summons and the return thereon and asked that judgment be entered against the plaintiff for the costs incurred by said Marshall. This motion asserted that the summons was "misdirected to be served upon Fred A. Marshall as agent of a corporation which ceased to exist twelve years ago," and also "because Fred A. Marshall is not the agent of said dissolved corporation and service cannot be had upon him or upon said dissolved corporation." The motion was supported by an affidavit of Fred A. Marshall which stated that he was president of Louisville Fuel Company, a corporation organized under the laws of Illinois on January 23, 1923; that the corporation was dissolved by action brought by the Attorney General of Illinois in the superior court of Cook county, in case No. 42,586; that a decree of dissolution was entered therein on March 8, 1927; that the corporation so organized was not in existence and it had not been in existence since March 8, 1927; that he was not then nor since March 8, 1927, an officer, agent or representative of the dissolved corporation. On April 14, 1939, the court overruled the motion to quash the service of the summons. On May 4, 1939, Fred A. Marshall again moved to quash the summons and the service and return thereon. The latter motion

was supported by an affidavit by Marshall, which reads in part:

"That it appears from an examination of the complaint in this cause that the cause of action is based upon an alleged indebtedness upon certain bonds of the defendant Louisville Fuel Company, a corporation, a photostatic copy of one of the alleged bonds being attached to the said complaint as an exhibit, from which it appears that the original of said photostatic copy was an instrument executed by the defendant Louisville Fuel Company, a corporation, upon the first day of March, A. D., 1923, by the deponent Fred A. Marshall as President and attested by Fred H. Topp, Secretary. Deponent further says that he was, on the date borne by the aforesaid exhibit attached to the complaint herein, President of an Illinois corporation known as Louisville Fuel Company, and that he did on behalf of the said Louisville Fuel Company, as such President, sign certain forms of bond the same as that attached to the complaint herein as an exhibit, pursuant to authority of the Board of Directors of the said corporation preparatory for the issuance of the said bonds for an amount equal to the face value thereof; that said bonds, however, were not to the best of deponent's knowledge and belief ever so issued, nor was there any such consideration as aforesaid ever received by the said Louisville Fuel Company therefor. Deponent further says that he was not either on or about the 16th day of February, 1939 an agent of the said Louisville Fuel Company, a corporation, as recited in the return upon the summons on file in this cause, but that in fact the aforesaid Louisville Fuel Company upon whose behalf as President he did sign bonds as above set forth, ceased to be a corporation, pursuant to a decree of dissolution entered by the Superior Court of Cook County in case No. 42,586, on the 8th day of March, 1927, and thereupon the said corporation ceased to exist and deponent ceased to be

an officer or agent thereof for all purposes except in so far as the statutes of the State of Illinois in such case made and provided extended the time within which any creditor of the said corporation might bring an action against it for a period of two years beyond the date of its dissolution as aforesaid.'' On June 1, 1939, Herbert M. Schenker filed a counter affidavit, deposing that he was one of the attorneys of record for the plaintiff; that the Louisville Fuel Company, a corporation, defendant herein, never ceased doing business, ''and from February 16, 1923, up to and including the present time, the said corporation was and is actively engaged in business in the State of Illinois and Kentucky, and said corporation has from time to time filed with the Secretary of State of the State of Kentucky applications to do business in that State, alleging in said applications that the Louisville Fuel Company is an Illinois corporation in good standing; that from time to time after the alleged dissolution the· officers and agents of said corporation represented to the said plaintiff that the defendant corporation was still actively engaged in business and that the bonds owned by the plaintiff would be paid; and the defendant corporation not only failed to give the plaintiff notice of the said alleged dissolution, but on the contrary thereof by the actions as stated aforesaid, the officers of said defendant corporation wilfully and maliciously led the plaintiff to believe that said defendant corporation had complied with all the State laws and was a corporation in good standing.'' The affidavit recited that attached thereto were copies of statements filed with the Secretary of State of the State of Kentucky. One of these is dated at Chicago, February 7, 1923, and signed by George M. Jones, Secretary, and directed to the Secretary of State of the State of Kentucky, giving notice that the ''place of business for the Louisville Fuel Company, a corporation of the State of Illinois, in Kentucky is 311

Second National Bank Building, Ashland, Kentucky, and that E. J. Cunningham of Ashland, Kentucky is our agent, thereat, upon whom process may be served." This statement was filed with the Secretary of State of Kentucky February 16, 1923. The next statement is dated March 25, 1931, signed by F. A. Marshall, President, and Charles F. Bures, Secretary, and was filed with the Secretary of State of Kentucky on March 1, 1931. This statement gives notice that the "place of business for the Louisville Fuel Company, a corporation of the State of Illinois, in Kentucky is Catlettsburg, and that John L. Smith of Catlettsburg, Kentucky is our agent, thereat, upon whom process may be served." Answering an interrogatory on the face of the statement as to whether "this corporation had a former agent," the informants answered, "Yes." Attached to Mr. Schenker's affidavit also appears a statement dated January 18, 1937, filed with the Secretary of State of Kentucky on February 3, 1937, signed by Fred A. Marshall, President, and Fred A. Marshall, Secretary, giving notice that the "place of business for the Louisville Fuel Company, a corporation of the State of Illinois, in Kentucky is McClure Building, Frankfort, Kentucky, and that Thomas B. McGregor of Frankfort, Kentucky is our agent, thereat, upon whom process may be served." To the interrogatory on the face of the statement, "Has this corporation had a former agent?", the informants answered, "No." On June 24, 1939, Fred A. Marshall filed an affidavit and deposed that:

"He is the same Fred A. Marshall upon whom a summons was served in the above entitled cause; that he is President of Louisville Fuel Company, a corporation organized under the laws of the State of Illinois November 4, 1936; that he was not at the time of the service upon him of the said summons an officer or an agent of any other firm or corporation known as or doing business as Louisville Fuel Company, nor

was he representing or holding himself out as such; that said corporation of which he was President at the time of the service of said summons upon him was organized for the purpose among others of acquiring any right, title or interest of certain individuals in and to assets formerly belonging to a corporation known as Louisville Fuel Company, organized under the laws of the State of Illinois, which was dissolved by order of the Superior Court of Cook County March 8, 1927 in an action brought by the Attorney General of Illinois, known as Chancery No. 42586; that he employed the services of the law firm of Zane, Morse, Zimmerman & Norman, and particularly Edward A. Zimmerman of that firm in that matter; that he was advised of correspondence with the Secretary of the State of the State of Illinois and the Secretary of State of the State of Kentucky as to whether or not the name Louisville Fuel Company was available, and that there are attached hereto and made a part hereof, being marked for identification Exhibits 1, 2, 3 and 4, true and correct copies of original letters sent to the said Secretaries of State and received in reply thereto, relating to said matter, the said letters being dated respectively January 27, 1936, January 28, 1936, October 5 and October 7, 1936; that pursuant to deponent's directions the said law firm of Zane, Morse, Zimmerman and Norman sent a further communication to the Secretary of State of the State of Illinois relating to the organization of the Louisville Fuel Company, a true and correct copy of which is hereto attached, marked Exhibit 5; that in due course the Articles of Incorporation of the said Louisville Fuel Company were received and duly recorded, a true and correct copy of the same being hereto attached, marked for identification as Exhibit 6; that subsequent to its organization the said Louisville Fuel Company did acquire from certain individuals certain assets formerly the property of the above defunct corporation;

that he has examined the complaint filed in this cause and that the Louisville Fuel Company of which deponent is President and which was organized on November 4, 1936 as otherwise herein appears, at no time ever issued or caused to be issued any bond or note as described in the said complaint, which from said complaint it appears were issued on or about the first of March, 1923, and that the Louisville Fuel Company of which deponent is President has not and never did have any connection whatsoever with any bond or note described in the said complaint and upon which the said complaint is based except in so far as it has purchased similar bonds or notes from time to time in the open market; that he has examined the copy of the document entitled 'Counter-Affidavit of Herbert M. Schenker, Attorney for Plaintiff, Filed by leave of Court' in this cause, and that to the best of his knowledge and belief each and every statement therein is untrue and is hereby denied; that specifically as to the plaintiff Ruthfield deponent has never had any direct dealings or contact with said plaintiff; that the extent of any contact or dealings with said plaintiff has been limited to negotiations beginning some time in 1938 through the efforts of Louis Grossman, Attorney for the plaintiff in the above entitled cause, to induce deponent to purchase the notes or bonds upon which this suit is based for a sum far in excess of prices at which such bonds had been offered on the open market during the last ten years.'' Attached to the latter affidavit of Fred A. Marshall is a letter from Attorney Edward A. Zimmerman to the Secretary of State of the State of Illinois, inquiring whether the name Louisville Fuel Company was available as a corporate name. Also attached is a reply from the Secretary of State, dated January 28, 1936, stating that a corporation of that name was dissolved by a decree of the superior court of Cook county on March 8, 1927, chancery No. 42,586, and that the name Louis-

ville Fuel Company was available for corporate purposes. Also attached is a letter dated October 5, 1936, from the same attorney to the Secretary of State of the State of Kentucky, inquiring as to whether the name Louisville Fuel Company was available for use by a foreign corporation which desired to do business in Kentucky, and a reply dated October 7, 1936, from such secretary of state that such name was available for corporate use. Attached to the affidavit also appears a certificate of incorporation issued to the Louisville Fuel Company by the Secretary of State of Illinois, dated November 4, 1936. On January 25, 1940, the court entered an order denying the motion of Fred A. Marshall to quash the service of summons. The court then ordered that the special appearance filed by Marshall stand as a general appearance and that a rule be entered on defendant to answer within 20 days. On February 14, 1940, pursuant to the rule so entered, the attorneys for Marshall filed an answer. This answer repeated the allegations theretofore made that the Louisville Fuel Company was dissolved on March 8, 1927 by a decree of the superior court of Cook county, and that the statute placed a limitation of two years upon plaintiff's right to bring suit against the dissolved corporation. The Louisville Fuel Company, a dissolved corporation, also denied that it was indebted to the plaintiff in any sum whatsoever, and asserted that it never received any consideration for the alleged bonds and that the bonds were unlawfully taken from its possession and unlawfully issued and circulated. The dissolved corporation also denied that plaintiff became the owner of any bonds of the Louisville Fuel Company, either in due course or in any manner, and denied that any interest coupons attached to the alleged bonds had been paid. On June 27, 1940, on motion of the attorney for plaintiff, three paragraphs of plaintiff's answer were stricken. These are the paragraphs which plead the matters on which

the court had previously ruled. On December 12, 1940, the court entered the following order:

"This cause being called for a trial as a non-jury matter come the parties to this suit by their attorneys respectively. Thereupon the Court now hereafter hearing all the evidence adduced and now being fully advised in the premises finds the issues in favor of the plaintiff and assesses the plaintiff's damages at the sum of $19,998.28. Therefore, it is considered by the Court that the plaintiff do have and recover of and from the defendant, Louisville Fuel Company, a corporation, his said damages of $19,998.28 in form as aforesaid by the Court assessed together with his costs and charges in this behalf expended and have execution therefor."

Plaintiff's theory of the case is that "this is a simple suit on a contract for the recovery of money; that the trial Court had jurisdiction of the subject matter and the parties; that the orders of the Court stated as aforesaid were correct, and on the record made became a matter for the trial Judge to hear the evidence and make his findings therefrom. The evidence before the trial Court not being preserved this Court must assume that it adequately supports the judgment entered in this cause." Defendant's theory of the case is that "the court below had neither jurisdiction of the parties nor of the subject matter of the suit nor could such want of jurisdiction be waived nor could such jurisdiction be granted or assumed. This theory is based upon the statutes of the State of Illinois which absolutely and unqualifiedly limit the right of a creditor of a dissolved corporation to maintain a suit against such dissolved corporation after two years from the date of dissolution. The court, being without jurisdiction of either the parties or the subject matter of the suit, had no authority to enter the order of judgment herein and the same is void and of no effect." It will be noted that the plaintiff filed

an action at law. He does not allege fraud, or as a creditor seek to discover assets of the dissolved corporation. This complaint is based on an obligation of the Louisville Fuel Company, which was incorporated on January 23, 1923. This corporation was dissolved by a decree entered in the superior court of Cook county on March 8, 1927. The complaint does not allude to the dissolution of the corporation. A new corporation by the name of Louisville Fuel Company came into being on November 4, 1936. The bonds in suit were acquired by the plaintiff prior to the time when the first corporation was dissolved. The bonds are dated March 1, 1923, and bear interest at the rate of 7 per cent per annum, payable semiannually. Some of the coupons were paid. According to the complaint the interest was paid up to September 1, 1926. In the statement filed with the Secretary of State of Kentucky on February 16, 1923, E. J. Cunningham of Ashland, Kentucky was designated as the Kentucky agent on whom service of process could be made. The statement filed on March 1, 1931, designated John L. Smith of Catlettsburg, Kentucky as the agent in that State. This latter statement indicated that the corporation had a former agent and was inconsistent with the fact that the corporation had been dissolved. The filing of this statement tends to support plaintiff's contention that the original corporation continued to carry on. The statement filed on February 3, 1937, designated Thomas B. McGregor of Frankfort, Kentucky as the agent. This statement, however, states that the corporation had no former agent. In thus answering, Fred A. Marshall recognized that the Louisville Fuel Company, of which he was then president, was a distinct corporation from the former Louisville Fuel Company. The record shows that the Louisville Fuel Company which was incorporated in 1936 was organized for the purpose, among others, of acquiring the right, title and interest in and to assets

formerly belonging to the corporation of the same name, which had been dissolved. A reasonable inference from this statement is that subsequent to the dissolution of the Louisville Fuel Company, certain individuals acquired the assets of that corporation and that the new corporation was organized for the purpose of acquiring such assets from these individuals. Defendant has not brought to this court the report of the proceedings of the trial. In considering the case, we therefore assume that the plaintiff proved on the trial that the bonds were duly issued, that he became the owner in due course for a valuable consideration before maturity, that he was the holder of such bonds and that no payments were made thereon except the interest up to and including September 1, 1926. No testimony was heard in passing on the motion to quash the service on the summons. That motion was decided by the court on the motions, petitions, affidavits, exhibits attached thereto, and the arguments of counsel. In passing on the points raised, we will, of course, confine ourselves to the record, a summary of which has been given.

The first criticism which defendant levels at the judgment is that the plaintiff, being a creditor of a dissolved corporation, is barred from maintaining any action against such dissolved corporation unless the suit is brought and service of process had within two years of such dissolution. Defendant leans heavily on the provision contained in sec. 157.94, ch. 32, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 32.096], that "the dissolution of a corporation . . . by the decree of a court of equity when the court has not liquidated the assets and business of the corporation . . . shall not take away or impair any remedy available to or against such corporation, its directors, or shareholders, for any . . . liability incurred, prior to such dissolution if suit or other proceeding thereon is commenced within two years after the date of such

dissolution. Any such suit or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name.'' Clearly the corporation that is being sued is the Louisville Fuel Company organized in 1923. This corporation was dissolved on March 8, 1927. The instant complaint was not filed until January 11, 1939, more than 11 years after the dissolution of the corporation by judicial decree. Plaintiff contends that under the General Corporation Act, a corporation dissolved for failure to file an annual report and to pay its franchise taxes may be reinstated on the payment of back franchise taxes. Plaintiff also urges that Fred A. Marshall failed to allege that the defendant corporation was never reinstated and is now doing business as a corporation. We have examined the authorities cited by counsel. It is the law of this State that the right to maintain an action against a defunct corporation is wholly controlled by statute, and that such right must be exercised within the time fixed by the legislature. *Consolidated Coal Co. of St. Louis v. Flynn Coal Co.*, 274 Ill. App. 405; *Sarelas v. McCue & Co.*, 291 Ill. App. 540; *Dukes v. Harrison & Reidy*, 270 Ill. App. 372. The Illinois cases cited by plaintiff all involve a statute repealed in 1919. Under that statute, upon the failure of a corporation to file an annual report the Secretary of State was required to enter upon the records of his office the cancellation of its charter. This did not dissolve the corporation. This action merely created a *prima facie* case of nonuser for use only by the state in a subsequent proceeding to dissolve the corporation. The cases cited by plaintiff are not applicable to the present statute and the facts of this case. The Louisville Fuel Company was dissolved in 1927 by a judicial decree. We are of the opinion that the cause of action stated in the complaint is barred by limitation, suit not having been brought and service of process had within two years after the date of dis-

solution. Plaintiff maintains, however, that the only one who can attack the service of summons is a person who either as a creditor or stockholder would be entitled to participate in the assets of a corporation, or a stockholder liable for the debts of the corporation, and that Fred A. Marshall, in his affidavit attached to the motion to quash the service of summons, shows no such interest. Plaintiff is inconsistent in urging this point. He directed the sheriff to serve the summons on Marshall as agent for the defendant. Marshall, president of the corporation chartered in 1936, and who had been president of the dissolved corporation, having been served with a summons, did not choose to stand idly by and allow a judgment to be entered. He could not know whether the plaintiff would later contend that the judgment was sought against the corporation chartered in 1936. Clearly, Marshall had a right to enter a special appearance and to move that the return on the summons be quashed.

Plaintiff asserts that the court was right in overruling the motion to quash because the affidavit supporting the motion did not aver that the corporation had wound up its business and ceased to exist in fact as well as in law. We are of the opinion that the motion of Marshall fully advised the court of the dissolution of the corporation in 1927. Plaintiff fails to cite the section of the statute which authorizes the reinstatement of a corporation that has been dissolved for failure to pay back franchise taxes. We do not know of any statutory provision which permits the reinstatement of a corporation after it has been dissolved by a judicial decree. Such a decree may be reversed or modified in the manner provided for other decrees. The decree of dissolution has not been reversed or modified. We are of the opinion that the showing by the defendant that the corporation was dissolved and that action was not commenced or service had within

two years thereafter constituted a sufficient showing to require the court to quash the return on the summons.

Plaintiff maintains that the fact that the defendant corporation continued to do business and is still doing business as a corporation estops it from denying its corporate entity, and that the statutes applying to dissolution of corporations and the bringing of suits by and against dissolved corporations, were enacted to facilitate winding up of the business of the corporation and contemplated that the corporation would cease doing business. He urges that such statutes do not apply to the instant case because the defendant corporation did not wind up its affairs, but continued and is still doing business. Much may be said on the subject of a *de facto* corporation, or persons who hold themselves out as representing a *de facto* corporation, being estopped to deny their corporate character. The courts afford adequate relief against fraud regardless of the cloak under which its operations are concealed. In this case no fraud is alleged. In fact, plaintiff announces in his theory of the case that "this is a simple suit on a contract for the recovery of money." The bonds were acquired by him while the corporation had a legal existence. He collected the interest up to September 1, 1926. He was not imposed upon to purchase the bonds by persons who wrongfully informed him the corporation was in existence. Nothing is stated in the pleadings as to when he discovered that the corporation was dissolved. It is a reasonable inference, however, that when the semiannual interest came due on March 1, 1927, he made inquiry for the purpose of ascertaining why such interest was not paid. The facts in this case do not present a question of equitable estoppel. It is true that the counter affidavit of Schenker states that "from time to time after the alleged dissolution the officers and agents of said corporation represented to plain-

tiff that the defendant corporation was still actively engaged in business and that the bonds owned by plaintiff would be paid,'' and also alleges that ''by the actions as stated aforesaid, the officers of said defendant corporation wilfully and maliciously led the plaintiff to believe that the said defendant corporation had complied with all the State laws and was a corporation in good standing.'' The statements are conclusions and general in their terms. The affidavit does not say when the alleged representations were made or by what officers or agents. The affidavit is silent as to whether plaintiff relied on the representations, and if so, what action he took in reliance thereon, and he does not show how he was harmed. In *Lowenberg v. Booth,* 330 Ill. 548, the court said at page 555:

''In order to invoke the principle of equitable estoppel six elements must appear: (1) Words or conduct by the party against whom the estoppel is alleged amounting to a misrepresentation or concealment of material facts; (2) the party against whom the estoppel is alleged must have knowledge, either actual or implied, at the time the representations were made, that they were untrue; (3) the truth respecting the representations so made must be unknown to the party claiming the benefit of the estoppel at the time they were made and at the time they were acted on by him; (4) the party estopped must intend or expect that his conduct or representations will be acted on by the party asserting the estoppel or by the public generally; (5) the representations or conduct must have been relied and acted on by the party claiming the benefit of the estoppel; and (6) the party claiming the benefit of the estoppel must have so acted, because of such representations or conduct, that he would be prejudiced if the first party is permitted to deny the truth thereof.'' A mere reading of the above excerpt should satisfy anyone that under the pleadings, affidavits and exhibits filed, the defendant is not estopped from denying its corporate existence.

Plaintiff insists that the intent of the legislature in passing a statute authorizing the dissolution of corporations for failure to pay their franchise taxes was to penalize such corporations, and that where a corporation continues to do business in violation of the decree of dissolution, the corporation cannot avail itself of the statute protecting dissolved corporations from suit. He urges that Marshall, acting as president, continued to hold out the company as an Illinois company in good standing, doing business in Illinois and Kentucky, after said company was in fact dissolved, and that thereby the plaintiff was fraudulently and wilfully led to refrain from filing suit and from taking action to enforce his claim against the company. We believe that our discussion of previous points disposes of this point. Plaintiff further maintains that "the law, as well as equity, abhors fraud and will not countenance an interpretation of a statute which will enable a corporation, through its agents, to take advantage of its own wrongdoing, thereby perpetrating a fraud on its creditors and on the state." We do not know of any interpretation that has been placed on the Corporation Act which has the effect of permitting individuals to perpetrate frauds without being brought to justice. Plaintiff's complaint was framed on the theory that the defendant corporation retained its corporate existence. We have held to the contrary. There is no showing of fraud. Plaintiff also urges that the defendant, by filing a general appearance and pleading to the merits, waived any dilatory plea and any motion in the nature of a dilatory plea that it may have interposed. Section 48 of the Civil Practice Act (par. 172, ch. 110, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 104.048]) provides that a defendant may within the time for pleading, file a motion to dismiss the action on the ground that the court does not have jurisdiction of the person of the defendant. After filing a special appearance, Marshall moved to quash the service of summons. This motion and the affidavit

in support of it set forth that the court did not have jurisdiction of the defendant by reason of the dissolution of the defendant corporation more than two years prior to the filing of the complaint. Supreme Court Rule 21 provides that "where, after denial by the court of a motion under Section 48 of the Civil Practice Act, the defendant pleads over, this shall not be deemed a waiver of any error in the decision denying such motion, and the defendant shall have the right to assign such error on appeal from the final judgment. This rule shall extend to the case where the motion is one attacking the jurisdiction of the court over the person made under a special appearance, and the pleading over by the defendant has involved the entry on his part of a general appearance." Under rule 21, therefore, the fact that the defendant answered the complaint after the court overruled the motion to quash, did not waive the point that the court erred in its ruling.

Finally, plaintiff asserts that where the evidence is not preserved the court must assume that the evidence adduced supports the judgment entered in the trial court. We do assume that the evidence supports the judgment in so far as there was an issue as to plaintiff being a holder in due course, before maturity, and for a valuable consideration. The points that we have discussed were disposed of on the pleadings, the motions, the affidavits and exhibits attached thereto. Paragraph (4) of section 48 of the Civil Practice Act (par. (4) of par. 172, ch. 110, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 104.048]) provides that the raising of certain defenses by motion shall not preclude the raising of them subsequently by answer unless the court shall have made a decision thereon. Marshall did, by motion, raise the defense of lack of jurisdiction over the person of defendant, which motion was overruled. Nevertheless, he raised the same defense in his answer. On motion of the plaintiff, this defense was stricken.

By virtue of paragraph 4 of section 48 of the Civil Practice Act, Marshall preserved his right to again raise the point on appeal. After a careful consideration of the record and of all the points argued, we are of the opinion that the trial court was in error in denying Marshall's motion to quash the sheriff's return. For the reasons stated, the judgment is reversed and the cause remanded to the circuit court of Cook county with directions that an order be entered quashing the return on the writ of summons, and entering judgment for costs in favor of Fred A. Marshall and against plaintiff.

*Reversed and remanded with directions.*

HEBEL and KILEY, JJ., concur.