### JOSEPH A. HOLPUCH CO. v. UNITED STATES.

#### No. 43813.

Court of Claims.

Jan. 8, 1945.

Norman B. Frost, of Washington, D. C. (George M. Weichelt, of Chicago, Ill., on the brief), for plaintiff.

William A. Stern, II, of Washington, D. C., and Francis M. Shea, Asst. Atty. Gen., for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

WHITAKER, Judge.

On December 30, 1931, an association known as the Joseph A. Holpuch Company entered into a contract with defendant to construct a hospital building and nurses' quarters at the Veterans' Administration Home at Leavenworth, Kansas. The work was to be commenced within 15 calendar days after receipt of notice to proceed and was to be completed within 300 calendar days thereafter. Notice to proceed was received by plaintiff on January 18, 1932, fixing the date for commencing the work as February 2, 1932, and the date of completion as November 13, 1932.

On April 1, 1932, the contracting officer terminated plaintiff's right to proceed on the ground that it was not proceeding with sufficient diligence to insure completion within the agreed time. Plaintiff contends that this action was arbitrary, capricious, and unreasonable and, therefore, a breach of the contract. It sues for damages resulting therefrom.

The first defense raised by the defendant is that at the time the contract was entered into Joseph A. Holpuch Company, plaintiff, was not a corporation as it held itself out to be, and that it was not a corporation when this suit was brought on January 12, 1938.

On the trial of the case before the Commissioner the defendant introduced an order of the Superior Court of Illinois, dated June 8, 1931, dissolving the plaintiff company for failure to pay its franchise taxes. Defendant's counsel stated that this order was introduced for the sole purpose of reflecting on the credibility of the witness then under examination, Joseph A. Holpuch; but defendant now seeks to use it in support of its defense that plaintiff was not a corporation either at the time the contract was signed or at the time this suit was brought. Since plaintiff had no notice until after the closing of the testimony that defendant intended to use the decree of dissolution in support of its defense of nul tiel corporation, on plaintiff's motion we permitted it to file at the argument of this case a certified copy of a later decree of the Superior Court of Illinois, dated February 29, 1936, vacating the former decree of dissolution.

This latter decree recited that it appearing—"* * * that Joseph A. Holpuch Company has filed all necessary annual reports due up to the present time, and that it has paid all franchise taxes and penalties thereon.

"Therefore, it is ordered, adjudged and decreed that the decree entered in the above-entitled cause on the 8th day of June 1931, dissolving the said defendant corporation, be and the same is hereby vacated, set aside and held for naught. * * * "

The corporation that had been previously dissolved was by this decree reinstated and reclothed with all its former powers as though the original decree of dissolution had never been entered. By its terms the dissolution decree was set aside and held for naught. The court's right to take this action is not questioned, Ruthfield v. Louisville Fuel Company, 312 Ill. App. 415, 38 N.E.2d 832, and so from this date on the situation was as if the dissolution decree had never been entered. The plaintiff, therefore, at the time this suit was brought had capacity to sue.

Whether or not it can maintain an action on a contract entered into between the date of the dissolution decree and of the decree setting it aside is not so clear. Except for the decree setting aside the decree of dissolution, we think the corporation could not have maintained an action on, or one for the breach of a contract entered into after its dissolution. Bates Co. v.

United States, 3 F.Supp. 245, 77 Ct.Cl. 611, 618; Zahn Co. et al. v. United States, 6 F. Supp. 317, 79 Ct.Cl. 215, 220; Chicago Title & Trust Co. v. Wilcox Building Corp., 302 U.S. 120, 58 S.Ct. 125, 82 L.Ed. 147, and cases there cited; Berg Shipbuilding Co. et al. v. United States, Ct.Cl., 58 F.Supp. 554, this day decided. The authorities are in conflict over whether it can do so after entry of a decree vacating the decree of dissolution. The Court of Civil Appeals of Texas held in Lyons v. Texorado Oil & Gas Co., 91 S.W.2d 375, that after reinstatement a corporation could maintain an action on a contract entered into in the interim; and the Supreme Court of Oregon in Gillen-Cole Co. v. Fox & Co., 146 Or. 208, 29 P.2d 1019, held the same thing, where the contracts had been ratified after reinstatement. To the contrary is the opinion of the Supreme Court of California in Ransome-Crummey Co. v. Superior Court, 188 Cal. 393, 205 P. 446. Cf. McClung et al. v. Hill et al., 5 Cir., 96 F.2d 236.

However, under the facts disclosed in the case at bar, we are of opinion that the decree vacating the dissolution decree was intended to put the plaintiff corporation in the same situation as it would have been in had it paid its franchise taxes when due. This is because the decree vacating and setting aside and holding for naught the former decree was predicated on the fact that the taxes in default had been paid and that penalties had been paid for failure to pay them when due. Had the taxes been paid when due, there would have been no basis for the entry of the dissolution decree. Their subsequent payment, together with the payment of penalties for non-payment when due, removed the reason for the dissolution and put the corporation in the same situation it would have been in had the taxes been paid when due. At any rate, we think this was what the court intended to accomplish when it entered the decree dissolving the dissolution decree.

It would be inequitable for the State to collect taxes levied on the privilege of doing business as a corporation and at the same time deny to the corporation the right to exercise the privilege. So when it accepted payment of taxes in default, together with penalties, and set aside the dissolution decree, we think it intended to validate the exercise of the corporate franchise in the years for which the taxes were paid.

Contracts entered into without the payment of license taxes are void only because

the laws of the State imposing the taxes make them void, either expressly or by implication. We will not assume that the State of Illinois intended to accept taxes on the exercise of the corporate franchise and at the same time make the corporation's contracts illegal because it was not authorized to exercise the franchise.

If the effect of the decree setting aside the dissolution decree is what we have supposed, the defendant here cannot complain; its rights were in nowise prejudiced thereby. Only the State levying the taxes is interested in the nonenforcement of contracts entered into without prior payment of them. The other contracting party is not injured thereby. If defendant has breached its contract with plaintiff, certainly it should not escape liability therefor because the corporation did not pay its taxes when due, where the State, in consideration of the payment of penalties, has forgiven the corporation therefor.

We think it was the purpose of this decree vacating the dissolution decree to give validity to all acts done in the meantime and, hence, we conclude that plaintiff can maintain an action for the breach of a contract entered into between the dates of the two decrees.

The defendant also raises the defense that plaintiff cannot recover, whatever the merits, because it failed to pursue the procedure laid down by the contract for the adjustment of the dispute which arose between it and the contracting officer as to whether or not it was prosecuting the work with such diligence as would insure completion of the contract within the time required. We think this defense is good.

Article 9 of the contract provides in part:

"If the contractor refuses or fails to prosecute the work, or any separable part thereof, with such diligence as will insure its completion within the time specified in article 1, or any extension thereof, or fails to complete said work within such time, the Government may, by written notice to the contractor, terminate his right to proceed with the work or such part of the work as to which there has been delay. * * *"

On April 1, 1932, the contracting officer wrote plaintiff in part as follows:

"This will confirm telegram of this date reading as follows:

" 'Since you have failed to so prosecute the work under your contract dated December thirtieth nineteen hundred thirty-one for construction work Veterans Administration Home Leavenworth Kansas with such diligence as to insure its completion by the time stipulated therein you are notified that your right to proceed with the work is hereby terminated Stop This is done in accordance with article nine of the contract' * * *."

Thus the contracting officer found that the plaintiff was not prosecuting the work under its contract with such diligence as to insure its completion by the stipulated date. This is final under article 15 of the contract, in the absence of appeal. This article provides:

" * * * all disputes concerning questions of fact arising under this contract shall be decided by the contracting officer or his duly authorized representative subject to written appeal by the contractor within thirty days to the head of the department concerned, whose decision shall be final and conclusive upon the parties thereto as to such questions of fact. * * *"

Whether or not the plaintiff was proceeding with the requisite diligence was clearly a question of fact, made conclusive upon the parties, subject only to appeal to the head of the department.

When the plaintiff received the letter of the contracting officer it did not file a written appeal to the head of the department. Instead, its representative, together with the representative of its surety on its performance bond, Standard Accident Insurance Company, came to Washington to see the contracting officer in an effort to get him to set aside his order terminating plaintiff's right to proceed. The contracting officer refused to do so. No written appeal was then taken to the head of the department. Instead, an arrangement was worked out between the Veterans' Administration and the surety company, whereby the surety agreed to take over performance of the remaining work under the contract and to sublet it to plaintiff, with the understanding that plaintiff's former general superintendent, John V. Hawkins, should be replaced by a man by the name of Madsen. Pursuant to this understanding, the surety company and plaintiff entered into a contract on April 25, 1932, under the terms of which the plaintiff agreed, as the surety company's subcontractor, to perform all the remaining work under the contract, with the understanding that the defendant should make payments due thereunder to the surety, and that the surety in turn would trans-

mit said payments to plaintiff. The contract was completed under this arrangement.

It, therefore, appears that instead of appealing from the finding of fact by the contracting officer, on the basis of which he terminated the contract, plaintiff acquiesced therein and entered into a substitute arrangement for the further performance of the contract.

Plaintiff, therefore, is bound by the contracting officer's finding that it was not pursuing the contract with such diligence as would insure its completion on time. This fact justified the contracting officer in terminating the contract.

Plaintiff, therefore, is not entitled to recover whatever damages may have been suffered thereby.

The commissioner finds that the plaintiff has been paid the sum of $5,130.00 for work done under the contract prior to its termination. Plaintiff takes no exception thereto and does not now contend that any more is due for work done prior to the termination of the contract.

Since it is clear that plaintiff is not entitled to recover, for the reasons stated, we do not consider whether or not the contracting officer was in fact justified in terminating the contract, nor whether plaintiff was damaged thereby.

Plaintiff's petition will be dismissed. It is so ordered.

WHALEY, Chief Justice, and MADDEN and LITTLETON, Judges, concur.

JONES, Judge, took no part in the decision of this case.