**BERG SHIPBUILDING CO. et al. v. UNITED STATES.**

No. 45256.

Court of Claims.

Jan. 8, 1945.

No appearance for plaintiffs (George Nelson, on the brief).

Grover C. Sherrod, of Washington, D. C., and Francis M. Shea, Asst. Atty. Gen., for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

MADDEN, Judge.

The Berg Shipbuilding Company, a corporation, and Geo. Nelson, Surety for the Berg Company, are the plaintiffs. The Berg Company in 1933 made a contract to build The Hemlock, a steel lighthouse tender, for the Government. The tender was not completed until long after the date stipulated in the contract, as modified by change orders, and the Government, in paying the Berg Company, assessed and withheld liquidated damages, at the rate of $200 per day provided in the contract, amounting to $38,000.

The plaintiffs assert in this suit that the withholding of $38,000 of the contract price was a breach of contract by the Government, since it had, itself, caused the delay in completion; and that the acts which caused the delay, and other acts of the Government, caused the plaintiffs to incur excess costs in the construction of the vessel, and to lose their shipbuilding yard.

The Government asserts at the outset that the Berg Company, a former corporation chartered by the State of Washington, was automatically dissolved, on July 1, 1938, under the laws of that state, for failure to pay its annual license fees. The relevant Washington statutes are in Remington's Revised Statutes of Washington, Sections 3836—4, 10, 12, 13, 14 and 15. Section 3836—14 is, in part, as follows:

"§ 3836—14. Dissolution for non-payment—Noting on record—Reinstatement on payment. In the event that any corporation shall allow license fees due the state under existing laws or by virtue of this chapter, to become delinquent for a period of three consecutive years and the secretary of state shall be unable to collect said fees in full, it shall be his duty to enter upon his records a notation that such corporation is dissolved and said corporation shall thereupon be dissolved and the secretary of state shall thereupon be free to grant the name of the corporation so dissolved to any other corporation thereafter organized: * * *.[1]

"Upon reinstatement as herein provided it shall be the duty of the secretary of state to enter upon his records a notation that such corporation is reinstated, and it shall thereupon be reinstated as of the date on which its name was stricken from or noted as dissolved upon the records of the office of the secretary of state, and such corporation shall have the right to sue and shall enjoy the same rights and powers as if its name had never been stricken from the records or it had never been dissolved and all things done by it in the exercise of its corporate powers before such reinstatement shall become valid acts of the corporation."

The statute seems to be plain. We should not permit the policy of the State of Washington to be frustrated by permitting a former corporation, created by that state, to function as if it were in good standing when, by the law under which it was created, it had been automatically dissolved. The express provision, in the latter part of the section, that a dissolved corporation may, upon reinstatement, have the same right to sue as if it had not been dissolved seems to make it plain that it does not have the right to sue after it is dissolved and before it is reinstated. See Follett v.

---

[1] The omitted portions relate to reinstatement by paying the fees for which the corporation is delinquent.

Clark, 19 Wash.2d 518, 143 P.2d 536, 537; Cf. Holpuch Case, Holpuch Co. v. United States, Ct. Cl., 58 F.Supp. 560.

The petition must be dismissed as to the Berg Shipbuilding Company because it has no corporate capacity to maintain a suit.

■ The Government also contends that the plaintiff Nelson may not maintain this suit because the Government is under no obligation to him, contractual or otherwise. Nelson was not a party to the contract, which was signed by the Berg Company. As shown in findings 3, 5, and 6, the United States Fidelity and Guaranty Company signed the performance bond, guaranteeing performance by the Berg Company, and the Berg Company and Nelson, who had some profit-sharing interest in the contract, made a written agreement to save the Fidelity Company harmless from liability on its bond, the Berg Company assigning to it all of its assets, and its rights against the United States under the contract. The Fidelity Company had to pay $174,792.12 to get the contract completed. It was repaid $39,867.05 of this, whether by the Berg Company or by Nelson does not appear. It took a further agreement from Nelson, to pay it the balance, with interest, and a mortgage on the Berg stock, which Nelson had by that time acquired, and other property. It sued Nelson, foreclosed on the security, and took a judgment against him for an amount which the evidence does not show. So far as is proved, the judgment has not been paid.

In these circumstances Nelson has no basis for suit. He made no contract with the Government. If, disregarding the contractual relation, we seek for some beneficial interest in Nelson which would entitle him, in equity, to money recovered in this suit, we find no such interest. The Fidelity Company would seem to be entitled, in equity, to any amount recovered, unless the amount was so large as to more than reimburse it. In that case the excess would, so far as is proved, belong to the trustees or liquidators of the Berg Shipbuilding Company. So the petition must be dismissed, as to the plaintiff Nelson, for lack of proof of his interest in the subject matter of the suit.

■ Because no professional counsel has appeared for the plaintiffs, we have, in spite of our conclusions stated above, considered the merits of the case. We have found, on the merits, that the Government did not, by any breach of duty on its part, cause damaging delay in the building of this ship, and did not assess more liquidated damages than it was properly entitled to assess, under the contract. Our conclusions in these regards are stated in our findings 10 and 13 and will not be repeated here. They show that, in our opinion, the plaintiffs, apart from any question of their capacity to sue, could not recover on the merits.

The petition will be dismissed.

It is so ordered.

WHALEY, Chief Justice, and WHITAKER, and LITTLETON, Judges.

JONES, Judge, took no part in the decision of this case.