**LESNOW BROS., Inc., v. UNITED STATES.**

**No. 47367.**

Court of Claims.

June 28, 1948.

Mark M. Horblit, of Boston, Mass., for plaintiff.

Carl Eardley, of Los Angeles, Cal., and H. G. Morison, Asst. Atty. Gen., for the defendant.

Before JONES, Chief Justice, and LITTLETON, WHITAKER, MADDEN, and HOWELL, Judges.

HOWELL, Judge.

During the period January to March 1941, plaintiff corporation entered into several contracts for the manufacture and sale of shirts to the Government. In the course of the contract period the plaintiff asserted that the defendant violated the contract by insisting upon a particular method of making the shirts. Following the completion of the contract (1941), plaintiff filed a claim to recover liquidated damages which had been assessed against it and to recover damages resulting from the alleged breach of contract. The claim was denied by the authorized representative of the Secretary of War on May 23, 1942.

On October 11, 1943, the plaintiff corporation's application for a certificate of final dissolution was approved by the Secretary of State of the State of Connecticut under the authority of existing Connecticut statutes.

On October 10, 1946, the plaintiff filed a petition, the first paragraph of which reads as follows:

"1. The plaintiff is a corporation existing under the laws of the State of Connecticut and having its office in New Haven in the County of New Haven in said State."

The defendant has filed a plea of nul tiel corporation and raises the issue as to whether a Connecticut corporation which has applied for and received a certificate of final dissolution can prosecute a claim based upon a cause of action which arose prior to the issuance of the certificate of final dissolution.

The question of corporate survivorship must be determined by the law of the state of incorporation. This was settled in Oklahoma Natural Gas Co. v. State of Oklahoma, 1927, 273 U.S. 257, pages 259, 260, 47 S.Ct. 391, 392, 71 L.Ed. 634, wherein the United States Supreme Court in an opinion by Chief Justice Taft in a case which involved the question of survivorship of an Oklahoma corporation said:

"But corporations exist for specific purposes, and only by legislative act, so that if the life of the corporation is to continue even only for litigating purposes it is necessary that there should be some statutory authority for the prolongation. The matter is really not procedural or controlled by the rules of the court in which the litigation pends. It concerns the fundamental law of the corporation enacted by the

state which brought the corporation into being."

In Connecticut, provisions for survivorship of corporations after dissolution were first adopted in 1901 by the passage of Section 49 of Chapter 157 of the Connecticut Acts of 1901, which section became Section 3373 of the General Statutes of 1930. On the other hand, provisions for methods and procedures for dissolving corporations, i. e., fore-runners of Sections 3470 to 3477 inclusive, had been part of the statutory law of Connecticut for many years prior thereto.

Prior to 1901, when the survivorship statute was first enacted, Connecticut corporations died absolutely upon expiration or dissolution. It plainly appears that the survivorship statute was intended to afford relief against the harsh consequences that had resulted from the absence prior to 1901 of such statutory provisions.

Section 3373, ibid, of the General Statutes of 1930, as amended, Gen.St.Supp. 1943, § 600g, contains this language:

"S. 3373, Sec. 600g. Distribution of assets of expiring corporations. All corporations, whether they expire by their own limitation or are dissolved by voluntary action, by decree of court or by act of the general assembly, shall continue so far as may be necessary to enable them to prosecute and defend suits by or against them, to close up their affairs, dispose of their property and distribute their assets and, when it appears by affidavit that there remain no surviving officers or directors within this state, service of process on such corporation may be made by leaving a true and attested copy of a writ, summons or complaint with the secretary of the state."

Survivorship statutes like that of Connecticut have been adopted by many states, and since they have been held to be remedial in nature, they should be given the liberal construction generally applied to such enactments.

This general rule is set forth in 19 Corpus Juris Secundum, Corporations, § 1743, page 1508, as follows:

"Statutes extending the life of the corporation, variously phrased as they are, should be so construed as to give effect to their purposes, and, * * * have been liberally construed so as to enlarge and not limit the corporate privileges."

It is important to note that Section 3373 is part of Chapter 190 of Title XXXV, which purports to contain provisions "of General Application," as the title indicates; whereas Sections 3470 to 3477 inclusive, relating to the procedure for dissolving a corporation, appear in Chapter 191 of said Title XXXV, which deals with corporations "with Capital Stock." It is a rule of construction that the provisions of a general enabling statute are not to be limited by construction because of provisions relating to special classes of corporations.

As Fletcher states the rule (16 Fletcher Cyclopedia Corporations, Sec. 7982, p. 673) it is:

"If one statute fixes the period of corporate life for corporations generally, and another statute fixes the period of corporate life of a particular class of corporations created under such statute, then, of course, the former rather than the latter statute applies to a corporation of the particular class * * *."

It appears to us that the Connecticut statute in plain, unambiguous provisions provides for survivorship of dissolved corporations "to enable them * * * to close up their affairs, dispose of their property and distribute their assets," and by express provision, "to prosecute and defend suits by or against them."

It is clear that the legislature considered that there might well be, after dissolution, affairs to be closed up, property to be disposed of, assets to be distributed and suits to be prosecuted and defended.

The meaning of the word "prosecute" not only in its ordinary definitive sense but by the interpretation of many courts, includes the commencement or institution of suits. Western Electric Co. v. Pickett, 51 Colo. 415, 420, 118 P. 988, 38 L.R.A.,N.S., 702, Ann.Cas.1913A, 1322; Cheshire v. Des Moines City Ry. Co., 153 Iowa 88, 133 N.W. 324; Inhabitants of Great Barrington v. Gibbons, 199 Mass. 527, 529, 85 N.E. 737; Choate v. Board of Assessors of City of Boston, 304 Mass. 298, 23 N.E.2d 882; Wall v. Chesapeake & O.

R. Co., 290 Ill. 227, 125 N.E. 20; Webster's New International Dictionary, 2nd Ed.

It is well also to note an express provision of the Connecticut statute which would bar the attempt now made by the defendant to limit the meaning of the plain words of Section 3373. Section 6568 of Chapter 341 of the General Statutes of 1930 provides:

"In the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language; * * *"

Such corporate survivorship statutes have been held to enable corporations to commence and maintain suits although they have been previously dissolved. The rule is well stated by the United States Supreme Court in considering the Virginia corporate survivorship statute, Hawkins v. Glenn, 131 U.S. 319, 331, 9 S.Ct. 739, 743, 33 L.Ed. 184.

"As the corporation, notwithstanding it may have ceased the prosecution of the objects for which it was organized, could still proceed in the collection of debts, *the enforcement of liabilities,* and the application of its assets to the payment of its creditors, *all corporate powers essential to these ends remained unimpaired.*" [Italics supplied.]

Suits may not only be commenced by dissolved corporations but against them, by virtue of the enabling provisions of corporate survivorship statutes.

The Connecticut Supreme Court considered the effect of a Federal survivorship statute relating to national banking associations, in a suit against a bank where it appeared that the charter had expired by limitation prior to the commencement of the suit. Cogswell v. Second National Bank, 76 Conn. 252, 56 A. 574, 578. The Federal statute, 22 Stat. 164, § 7, provided for survivorship of national banks after dissolution, "for the sole purpose of liquidating their affairs, until such affairs are finally closed." It is to be noted that although that statute did not expressly confer on the expired corporation capacity to prosecute and defend suits, the Connecticut court nevertheless held that such capacity was implied, stating at page 260 of 76 Conn., at page 578 of 56 A.:

"For the proper liquidation of their affairs it is obviously necessary that they should retain the capacity of suing and being sued, and the statutory extension of the franchise accomplishes that result."

We are further of the opinion that the voluntary dissolution of the corporation by the director-trustees of the corporation at a time when the plaintiff had full knowledge of its rights under the contract did not in any way constitute an abandonment of such rights.

The survivorship statute does not become applicable until after the corporation has been dissolved. At that time, the dissolution having already occurred, the corporation may still have claims to be enforced and affairs to be closed up, and the legislature of the State of Connecticut has provided for the continued existence for the enumerated purposes.

One of those enumerated purposes is "to prosecute and defend suits by or against them," and to hold in the face of these clear words of the statute that a dissolved corporation cannot bring suit to enforce a claim in this court would restore the hardships and inequities which this and other survivorship statutes are intended to eliminate.

The defendant's plea of nul tiel corporation is hereby dismissed. It is so ordered.