Pleading and practice; standing to sue; reed party in interest.—
On November 22,1974 the court issued the following order:
Before CoaveN, Chief Judge, Davis and BeNNEtt, Judges.
“This case comes before the court on defendant’s motion to dismiss and for summary judgment. Upon consideration of defendant’s motion, plaintiffs’ response, and defendant’s reply, the court finds:
“ (1) Plaintiff Tri-Beam Construction Co. contracted with the Government in 1965 to build 13.5 miles of roadway, and the project was completed in September 1966. Prior to completion of the contract, the company experienced financial difficulties, and on January 26, 1967, its charter was forfeited by the State of Texas for failure to pay its taxes.
“(2) On June 13, 1967, nine months after completion of *872 the contract, Earl F. Tritt, Jr., President and major stockholder of the company, sent a letter to the project’s Area Engineer, making claim for a final installment in the amount of $173,465.70. The Government replied by letter, stating that, since the claim had not been timely filed, it could not be considered on the merits.
“ (3) The defendant was unable thereafter to get in touch with Mr. Tritt and later paid the final balance, which it found to be due under the contract to an assignee.
“(4) On December 28, 1970, almost four years after the corporation’s charter was forfeited, the petition was filed in this court, and by request of the plaintiffs, proceedings were stayed to allow the plaintiffs time to exhaust their administrative remedies. The Corps of Engineers Board of Contract Appeals considered the question on the merits, and by decision of April 5, 1974, held that the contractor had been paid in full and that the Government did not require the placement of any material in excess of that required by the specifications.
“Although plaintiffs have not shown sufficient grounds for setting aside the administrative decision, we need not reach that question, because we have concluded that plaintiffs have no standing to sue. The pertinent Texas law provides that corporations have only three years from the date of forfeiture for “prosecuting or defending in its corporate name any action or proceeding by or against the corporation.” Vernon’s Tex. Rev. Civ. Stat. Ann. Art. 1302-207. See Lesnow Bros., Inc. v. United States, 111 Ct. Cl. 788, 789-90, 78 F. Supp. 829, 830-31 (1948) ; Berg Shipbuilding Co. v. United States, 103 Ct. Cl. 102, 114, 58 F. Supp. 554, 559-60, cert. denied, 326 U.S. 751 (1945). Since 3 years and 11 months' elapsed between the date of forfeiture (January 26,1967) and the filing of the petition in this court (December 27, 1970), the corporation had no statutory authority to maintain its claim against the Government.
“We also conclude that Mr. Tritt has no standing to sue the Government since he is not a proper party to the suit. The claim is based on a contract entered into between the TriBeam Construction Co. and the Government, and the president was, of course, not a party to the contract. Algonac Mfg. *873 Co. v. United States, 192 Ct. Cl. 649, 428 F. 2d 1241 (1970).
“it is therefore ordered that defendant’s motions to dismiss and for summary judgment are granted, and the petition is hereby dismissed.”