## MAREK v. GOLDSUM.
### No. 12310.

Court of Civil Appeals of Texas. Galveston.
July 12, 1951.

Fred P. Holub, Wharton, for appellant.

Duckett & Duckett and L. L. Duckett, El Campo, for appellee.

CODY, Justice.

This was a suit upon open account, and the principal question on appeal is whether appellee's (plaintiff's) original petition contained allegations sufficient to toll the two-year statute of limitations.

For present purposes it is enough to say that the open account sued on belonged to Modern Appliance & Butane Co., Inc., and that plaintiff's original petition was filed April 27, 1950, and contained these allegations: "Now comes Ervin P. Goldsum, dba Modern Appliance Company, Plaintiff, complaining of V. J. (Victor) Marek, Defendant, and respectfully represents to the Court: I. That Plaintiff has its principal place of business in El Campo, * * *."

The exhibit attached to the petition consisted of the account sued on, and was captioned:

> "Modern Appliance Company
>   "El Campo, Texas
> "Account of:
>   "V. J. (Victor) Marek
>   "El Campo, Texas."

The account was verified by Goldsum in this language: "Before me, the undersigned authority, on this day personally appeared Ervin P. Goldsum, who, being by me duly sworn, upon oath says that the above, foregoing account and cause of action evidenced thereby and alleged in the above petition in favor of Modern Appliance Company and against K. C. (Clem) Churan is and are within the knowledge of said affiant, just * * *."

Citation was duly issued in usual form, and served on defendant, who filed his original answer on May 22, thereafter. In his answer defendant specially excepted to the affidavit to the account attached to the account sued on because it referred to an account against K. C. (Clem) Churan and made no reference to an account against defendant. Defendant also excepted to all items shown on the account which bore dates more than two years prior to the date

of the filing of the petition. The answer also contained a general denial.

Thereafter, on October 7, 1950, plaintiff's first amended original petition was filed which made certain immaterial changes in two or three items of the sworn account, and in the affidavit showed that the account was against defendant Marek.

Thereafter, on November 18, 1950, plaintiff's second amended original petition was filed under recited leave of court, reading in part: "Now comes, Modern Appliance Company, Inc., acting herein by and through its branch manager, Ervin P. Goldsum, operating under the name of Modern Appliance Company, hereinafter called plaintiff, * * *:". The petition, except for the indicated change, was otherwise identical with the first amended original petition.

Thereafter, on December 7, defendant filed his first amended original answer, which contained an exception to plaintiff's second amended original petition because it appeared therefrom that plaintiff was not amending his petition "but is stating a new cause of action by changing the name of the plaintiff from Ervin Goldsum (a living person) to Modern Appliance Company, Inc."

Then, on December 15, 1950, the court sustained the defendant's exception to the amendment in plaintiff's second amended original petition wherein it was alleged that plaintiff was the Modern Appliance Company, Inc. The judgment of the court sustaining such exception contained a notice of appeal thereof to this Court.

Then, on January 19, 1951, appellee herein filed an appeal bond in support of the recited appeal from the court's interlocutory order sustaining appellant's aforesaid special exception to the amendment changing the allegations to show that appellee, or plaintiff, was a corporation.

Then, on February 8, 1951, appellee filed plaintiff's third original amended petition, which contained no material change in the allegations from those contained in its second amended original petition.

Then, on February 22, 1951, appellee filed a trial amendment alleging in part "That the true and correct legal name of plaintiff * * * is Modern Appliance and Butane Co., Inc. * * *."

The cause was tried to the court without a jury, and judgment was rendered for appellee upon the account for all items shown thereon bearing date not more than two years next preceding the filing of plaintiff's original petition. In response to appellant's request, the court filed conclusions of fact and law.

Appellant predicates his appeal upon four points to the effect: (1) That the account sued on in plaintiff's first amended original petition was barred by the two-year statute of limitations; (2) (The same as the first point, except that it is addressed to all subsequent amendments, asserting that a new cause of action was set up in said subsequent amendments); (3) That the order, made by the court in the November-December Term, sustaining defendant's exception to the amending of appellee's petition to show that plaintiff was a corporation, could not be re-adjudicated at the following term; and (4) (The fourth point in substance repeated appellant's third point).

We overrule appellant's points.

From the court's findings of fact it is made to appear that Ervin Goldsum had been for years the general manager of a local branch of a partnership business which was being conducted at Wharton in the name of "Modern Appliance Company," and that the partnership business was incorporated in 1948, after the account with appellant had been running for some time, but prior to two years next preceding the filing of "plaintiff's original petition" in this case. That after the partnership business had been incorporated, Ervin Goldsum continued to be the general manager of the corporation's local branch office at Wharton. That his authority as general manager of the corporation's local office at Wharton was ample to authorize his institution of the suit on the account in question, and control of the litigation after the suit had been instituted. We will not further elaborate on the court's findings of fact except to say that they were ample to support the court's judgment.

■ The filing of "plaintiff's original petition" by the corporation's general manager in his name for the account of his principal was sufficient to toll the two-year statute of limitations, Vernon's Ann.Civ.St. art. 5526, on all items on the account which had been delivered to appellant by appellee not more than two years next preceding the filing of "plaintiff's original petition." Vernon's Ann.Civ.St. art. 5539b provides that whenever any pleading is filed by any party to a suit embracing any cause of action, cross-action, counterclaim, or defense, and at the time of filing such pleading, such cause of action, cross-action, counterclaim or defense, is not subject to plea of limitation, no subsequent amendment or supplement changing any of the facts or grounds of liability or of defense shall be subject to a plea of limitation. Here, the original petition and all subsequent amendments were in legal effect a suit to recover for the benefit of appellee the balance due upon the account of the specific items sold and delivered to appellant by appellee upon the dates specified in the account for the sums specified therein. Had appellant confessed judgment upon the original petition, under the court's findings of fact, appellant could have pled such judgment in bar if appellee should have thereafter filed suit on said account.

■ Had appellant urged a special exception or a plea in abatement to the original petition on the ground that the account belonged to the corporation and no authority was alleged in the original petition for the plaintiff therein to recover thereon, and had the petition then been amended to meet such exception by the substitution of the principal for its agent, we doubt if it would have occurred to appellant that an amendment made to meet such an objection would have been subject to the bar of the two-year statute of limitations. In legal effect the substitution of the principal as plaintiff in place of its duly authorized agent made no change in the parties at interest. This is elementary.

■■ With respect to appellant's complaint that the court's interlocutory order, made at the November-December term, could not be reviewed and changed by the court at the following term, we are somewhat confused by the record as to what took place. We assume that what must have happened was this: That when appellee began to undertake to prepare its appeal, pursuant to its notice of appeal, it awakened to the fact that an interlocutory order sustaining a special exception to its petition was non-appealable; that it then prepared to have a trial on the merits of the original petition to the end that, however such trial on the merits came out, it could then have a final judgment on the merits from which an appeal would lie to this Court; that in an appeal on the merits, it could then have the court's interlocutory order reviewed. We assume that it then occurred to the judge that the interlocutory order refusing appellee leave to amend its petition to show the real party at interest, as plaintiff, was erroneous, and that the court then allowed the amendment. Whatever consideration caused the change in the court's interlocutory order at a subsequent term, the court, of course, has power to change an interlocutory order. The only interlocutory order, that we can now think of, that a court cannot change at a subsequent term, is an order sustaining or overruling a plea of privilege. The truth is, of course, that until shortly after the turn of the century pleas of privilege were presented by defendants by way of plea in abatement to the court's venue. If the plea was sustained, and the plaintiff refused to amend, the court rendered a final judgment dismissing the suit. When the law was passed requiring that, when a plea of privilege was sustained, the cause should be transferred to the court having venue, and not dismissed, the finality of the judgment disposing of the plea remained unaffected.

The court's judgment is affirmed.