**George Q. McGOWN, Jr., Appellant,**

v.

**Howard S. KITTEL, Appellee.**

**No. 17295.**

Court of Civil Appeals of Texas, Fort Worth.

April 14, 1972.

Rehearing Denied May 12, 1972.

Hooper, Kerry & Chappell, and Michael R. Burkett, Fort Worth, for appellant.

Law, Snakard, Brown & Gambill, and Boe W. Martin, Fort Worth, for appellee.

## OPINION

LANGDON, Justice.

Appellant, George Q. McGown, Jr. (hereinafter referred to as plaintiff), a minority stockholder in Highland Park, Inc. (hereinafter referred to as Highland Park), a Texas corporation, brought suit against appellee, Howard S. Kittel (hereinafter referred to as defendant), president and principal stockholder of Highland Park, to partition and account for the assets of said corporation on the theory that the forfeiture of Highland Park's charter on April 14, 1966, by the Secretary of State in accordance with Article 12.17(2) of the Franchise Tax Act, Taxation—General, V.A.T.S., for failure to pay state franchise taxes ended Highland Park's corporate existence and caused the ownership of its assets to vest in its stockholders in accordance with their stock ownership. Defendant's chief defense to this suit is that on June 14, 1971, the Secretary of State of Texas, acting under Article 12.17 (3) (b) of the Act, reinstated the corporate charter of Highland Park and thereby revived its corporate existence. The Court granted the defendant's motion for summary judgment based upon the above defense and rendered a summary judgment against the plaintiff. This appeal is from that judgment.

We affirm.

The essential question to be resolved by this Court is whether or not the reinstatement of the corporate charter of Highland Park by the Texas Secretary of State was proper under the pertinent statutes. If such reinstatement was valid, there are no fact questions involved and the summary judgment was proper. If such reinstatement was invalid, there will be questions of fact relating to the suit in partition and for an accounting and the summary judgment was improper.

The undisputed facts contained in the record reflect that Highland Park, a Texas corporation, was incorporated on July 30,

1947. Its principal purpose and function since its incorporation has been the construction and operation of Highland Park Apartments at 5300 Byers, Fort Worth, Texas. The apartments were constructed some years ago and are presently in operation at such address.

Since its formation defendant has been Highland Park's president and principal stockholder and has managed the apartments. From 1947 to 1956 plaintiff served as a director of Highland Park. He voluntarily resigned this position in 1956 and has not held an official office in the corporation since that time.

Highland Park has always done business as a corporation. Since 1947 it has filed its corporate income tax returns. With the exception of the year 1965, it has also filed state franchise tax returns and paid these taxes as they became due.

On July 15, 1965, Highland Park's right to do business in Texas was administratively forfeited under Articles 12.14 and 12.15 of the Franchise Tax Act. Nine months later, on April 14, 1966, the Secretary of State, in accordance with Article 12.17 of the Franchise Tax Act, forfeited its charter.

From April 14, 1966, to June 14, 1971, Highland Park continued to operate as a defacto corporation. It regularly filed its state franchise tax returns and paid these taxes. It also filed its regular corporate income tax returns with the Federal Government.

On June 9, 1971, plaintiff filed its original petition in this case. Upon learning from the allegations contained in said petition that the corporate charter of Highland Park had been forfeited, the defendant instructed L. J. Joyner, the corporation's accountant, to take the appropriate steps to reinstate the charter. In accordance with Article 12.17(3)(b) of the Franchise Tax Act, Joyner filed a request on behalf of Highland Park on June 12, 1971, for the reinstatement of its corporate charter.

The request was accompanied by a check in the amount of $3,872.02 in payment of the back taxes and penalties the corporation owed. Reinstatement of the charter was granted by the Secretary of State on June 14, 1971. As of the date of the hearing on defendant's motion for summary judgment, the Secretary of State certified that Highland Park is a corporation which legally exists under the Texas law.

The appellant in asserting that Highland Park Corporation was legally dead on April 14, 1966, and in seeking relief by way of a partition, accounting and the appointment of a receiver to administer the partition and liquidation of the corporation relies primarily upon Humble Oil & Refining Co. v. Blankenburg, 149 Tex. 498, 235 S.W.2d 891 (1951), and Gano v. Filter-Aid Company, 414 S.W.2d 480 (Austin, Tex. Civ.App., 1967, no writ). In our opinion the authorities relied upon by the appellant have no application to the facts of the case at bar. At the time the Supreme Court handed down its decision in the Humble Oil case the Legislature had not provided any remedy or appeal from forfeiture of a charter by the State. During the period from 1907, when the Franchise Tax Act was originally enacted (Art. 7084, V.A.C. S., et seq.) to 1965, there was no procedure whereby a corporation whose charter had been forfeited could make application for its reinstatement. The emergency clause to the 1965 amendment read as follows:

"The fact that corporations have no procedure by which to reinstate their charter and right to do business after the forfeiture of their charter creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and this Rule is hereby suspended, and that this Act take effect and be in force from and after its passage, and it is so enacted." Texas Laws 1965, Ch. 582, § 3, at 1269.

The Gano case, supra, relied upon by the appellant, held that the reinstatement pro-

cedure contained in Art. 12.17(3) could not be applied retroactively to a corporation whose charter had been forfeited before the effective date of the 1965 amendments to the Franchise Tax Act, which included Art. 12.17(3).

In this case the forfeiture of the Highland Park charter occurred after the effective date of the 1965 amendments (Art. 12.17 et seq., V.A.C.S.).

In 1969, Article 12.17 was again amended by simplifying the procedure for reinstatement when the forfeiture was by the administrative act of the Secretary of State. As amended in 1969, Art. 12.-17(3)(b) provides that, "Any corporation, domestic or foreign, whose charter or certificate has been forfeited without judicial ascertainment by the Secretary of State may revive said charter or certificate, by first filing all delinquent franchise tax reports as required by law and by filing all franchise taxes, penalties, and interest due by said corporation at the time of the request for reinstating the charter or certificate hereinafter mentioned. Any stockholder or director or officer of the corporation at the time of the forfeiture of the right to do business, or the charter, or the certificate may, in the name of the corporation, initiate the above proceedings to set aside the forfeiture. Upon such request, and upon the determination that all delinquent franchise tax reports have been filed and all franchise taxes, penalties and interest due by said corporation at the time of the request for reinstatement have been paid, the Secretary of State shall administratively set aside the forfeiture and the Comptroller of Public Accounts shall administratively revive the corporation's right to do business in accordance with the provisions of Article 12.15 of this Title."

An examination of the language contained in Article 12.17(3) reflects that the Legislature was very explicit in setting out the requirements which must be complied with before the reinstatement of a forfeited corporate charter *shall be granted*. The language of the Statute contains no requirement as to a time limit in which a de-linquent corporation must apply for reinstatement of its charter. It provides an effective means by which the Secretary of State and the Comptroller of Public Accounts may raise revenue and recover delinquent taxes.

"Provision is generally made for reinstatement of corporations which through default in making the reports or paying the license fees required by law have had their right to transact business suspended or been stricken from the records. Consequently, so long as there is a statutory right to be reinstated, the proclamation of forfeiture for non-payment of taxes does no more than forfeit the corporate right to do business, but does not extinguish the corporation as a legal entity." 16A Fletcher Cyclopedia Corporations, Private Corporations, § 7998 (Permanent Edition, Revised Volume, 1962).

In states which have a statutory reinstatement procedure for forfeited corporate charters, the corporation, during the period of forfeiture, is considered a defacto corporation. Absent an express time period in the reinstatement statute, the courts in most jurisdictions have allowed reinstatement at any time, including prior to or at time of trial. Joseph A. Holpuch Co. v. United States, 58 F.Supp. 560, 102 Ct.Cl. 795 (1945); Frederic G. Krapf & Son, Inc. v. Gorson, 243 A.2d 713 (Del.Sup.Ct. 1968); Spector v. Hart, 139 So.2d 923 (Fla.Dist.Ct.App., 1962); J. B. Wolfe, Inc. v. Salkind, 3 N.J. 312, 70 A.2d 72, 13 A.L. R.2d 1220 (1949), and cases there cited.

We find and hold that none of the various provisions of the Texas Business Corporation Act relating to forfeiture, dissolution and reinstatement of the charter of a corporation have any application to the facts of this case.

■ Forfeitures of corporate charters under the Franchise Tax Act and dissolutions of corporations under the Texas Business Corporation Act are different legal processes that are subject to different judicial treatment. 14 Tex.Jur.2d, Corporations, § 544 (1960); Rodar Leasing

*Corp. of Colo. v. Wholesome Dairy Inc.,* 442 S.W.2d 467 (El Paso, Tex.Civ.App., 1969, no writ hist.).

See also Opinion No. M–600 of the Attorney General of Texas dated March 25, 1970, in re: "What statutes control the Secretary of State in his administrative forfeiture of charters and certificates of authority of corporations for failure to timely pay franchise taxes; and what statutes apply to his reinstatement of such charters and certificates?"

In Miller v. Davis, 136 Tex. 299, 150 S. W.2d 973, 978 (1941) the Supreme Court said:

"It is the rule that where a corporation has been formed under color of law, only the State can question its corporate existence, and that in a direct proceeding wherein the State is a party, and the action is in the nature of a quo warranto proceeding." See also Mulcahy v. Houston Steel Drum Company, 402 S.W.2d 817 (Austin, Tex.Civ.App., 1966, no writ hist.) and 136 A.L.R. 177.

All points of error are overruled and the judgment of the trial court is accordingly affirmed.

MASSEY, C. J., not participating.