**J. Raymond JONES, Appellant,**

v.

**CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, et al., Appellees.**

No. 19213.

Court of Civil Appeals of Texas, Dallas.

May 26, 1977.

Jack D. Eades, Clark, West, Keller, Sanders & Butler, Dallas, for appellant.

Albert Levy, McGuire, Levy, Collins & McCurley, Irving, Alfred L. Ruebel, Erhard, Cox & Ruebel, Dallas, for appellees.

ROBERTSON, Justice.

Appellant, J. Raymond Jones, has moved to dismiss his appeal from a judgment which denied him leave to be substituted as plaintiff in a suit originally brought by a corporation in which he was a stockholder. Appellant's appeal was based upon his alleged equitable right to protect his beneficial interest in the corporation when the corporation lost its right to sue for failure to pay its franchise taxes. Although the corporation's suit was also dismissed by the judgment, only Jones appealed. Jones now informs us that the franchise taxes have been paid, and the corporation's right to sue has been revived. He now seeks to have his appeal dismissed and the cause remanded for reinstatement of the corporate action. While we agree that appellant's case is now moot, we cannot "remand" for reinstatement of the corporate suit because the corporation has not appealed from the dismissal of its action.

 Since the corporation has revived its right to do business by paying the delinquent franchise taxes, the corporation now has the right to sue. *Federal Crude Oil v. Yount-Lee Oil Co.*, 122 Tex. 21, 52 S.W.2d 56, 62–63 (1932); *Real Estate-Land Title & Trust Co. v. Dildy*, 92 S.W.2d 318, 321 (Tex. Civ.App.—Austin 1936, writ ref'd). Any right of shareholder action is contingent upon a showing of corporate disability, *Pratt-Hewit Oil Corp. v. Hewit*, 122 Tex. 38, 52 S.W.2d 64, 66–67 (1932), and when that disability is removed, the shareholder's suit is necessarily mooted. However, mere mootness of the shareholder suit does not authorize us to reinstate the corporate action. We cannot remand an action which is not before us. Reinstatement of the suit must be achieved on the corporation's own initiative by refiling its suit in the trial court.

Finally, although appellant has moved to dismiss the appeal, we must dismiss as moot the motion for substitution, denial of which resulted in this appeal. The applicable rule is that when a cause becomes moot upon appeal, all previous orders and judgments must be set aside, and the cause, not merely the appeal, dismissed. Dismissal of the appeal alone would leave the trial court's judgment outstanding and would amount to an affirmance. *Lund v. Alanis*, 384 S.W.2d 123 (Tex.1964); *Freeman v. Burrows*, 141 Tex. 318, 171 S.W.2d 863 (1943). Here the corporation's suit was dismissed for failure to pay franchise taxes, and we cannot disturb that dismissal because the corporation did not appeal. The only matter before us is appellant's motion for substitution, and since that is now moot, it is dismissed.