**REGAL CONSTRUCTION COMPANY,**
Appellant,

v.

**Phill HANSEL et ux, Appellees.**

**No. 17536.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Nov. 29, 1979.

Rehearing Denied Feb. 14, 1980.

David L. Capps, Houston, for appellant.

Woods, Aston, Mays, Harman & Watt, Dick Watt, Houston, for appellees.

Before COLEMAN, C. J., and DOYLE and WALLACE, JJ.

COLEMAN, Chief Justice.

This is an appeal from a judgment for the defendants, Phill and Nancy Hansel, in a suit brought by Regal Construction Company (Regal) to recover a balance alleged to be due on an oral contract for remodeling the Hansels' house. After Regal filed its original petition its charter was forfeited for nonpayment of franchise taxes. James L. Allen then filed an amended petition alleging that he was the sole shareholder of Regal and reasserted the cause of action originally alleged by Regal. The case was tried to a jury. Judgment was entered non obstante veredicto and this appeal results.

The Hansels and Allen were longtime friends and in April, 1974, entered into an informal agreement that Allen would remodel the Hansels' house as they directed, and they would pay to Allen all costs incurred in the remodeling. An unsigned written proposal projected a final price of $16,551, but the agreement anticipated that the final costs might be greater.

As the work progressed costs ran higher than expected due to changes in plans, and the parties met on July 12, 1974, to discuss the matter. The Hansels contend that it was decided at this meeting that the project would cost no more than $26,190, but Allen testified that no firm agreement was reached to limit project costs to this amount. The work was completed in August, 1974, at a total cost to Regal of $33,808.61. The Hansels paid the sum of $26,190.40 and refused to pay the balance.

The jury failed to find that the parties agreed that $26,190 would be the price paid to Regal Construction Company for the services to be rendered in the remodeling. Instead the jury found that the sum of $32,190.00 was the amount of money agreed upon as the price for such services. The jury also found that "the services rendered and materials furnished . . . were not performed in a good and workmanlike manner", and that this failure resulted in damage to Phill Hansel and Nancy Hansel in the sum of $2,000.

Regal asserts that the district court erred "in granting defendant's motion for a judgment non obstante veredicto because the facts and law do not support defendants' motion." Hansel replies that this point is so general as to present nothing for review. In *Brooks v. Highland Resources, Inc.*, 446 S.W.2d 6 (Tex.1969) the Supreme Court disapproved a holding of the Court of Civil Appeals that the requirements of Rule 418 T.R.C.P. were not met by points reading: "First point of error the Honorable Trial Court erred in granting the motion for a summary judgment" and "Third point of error the Honorable Trial Court erred in dismissing the counter-claim of the defendant and cross-plaintiff." Hansels' motion for judgment notwithstanding the verdict set out the specific grounds supporting the motion, and the trial court sustained the motion. The point of error urged here does not appear to be more general than those approved by the Supreme Court in the cited case.

The point is narrowed somewhat by the statement and argument in the appellant's brief. Regal contends that Allen, in the capacity of a shareholder of Regal Construction Company, is entitled to prosecute the suit notwithstanding the fact that Regal Construction Company as a corporation cannot do so because its charter has been forfeited by the Secretary of State for nonpayment of franchise taxes. Regal argues that there was no judicial admission barring recovery against the defendants as asserted by the Hansels' motion for judgment notwithstanding the verdict, and that the jury's verdict may not be disregarded if there is any probative evidence reasonably supporting a finding made.

There is evidence that the charter of Regal was forfeited by the Secretary of State. The forfeiture occurred after the institution of this lawsuit. In response to a sworn denial of the right of the corporation to prosecute the suit because of the forfeiture, James L. Allen filed an amended petition in the suit seeking recovery as the sole stockholder of the corporation. There is no sworn denial of Mr. Allen's right to prosecute the suit in this capacity. .

■ The Supreme Court of Texas has held that where the Secretary of State has entered on the record in his office forfeiture of the right of the corporation to do business in this state, the charter of the corporation has not thereby been cancelled nor has the corporation been dissolved. The effect of such a forfeiture is to prohibit the corporation from doing business in the state, and to deny to it the right to sue or defend in any court of the state except in a suit to forfeit its charter. The legal title to the assets remains in the corporation, but the beneficial title to the assets of the corporation is in the stockholders. This being true, and since the right to sue has been denied to the corporation by the forfeiture, the stockholders, as beneficial owners of the assets of the corporation, may prosecute or defend such actions in the courts as may be necessary to protect their property rights. *Humble Oil & Refining Co. v. Blankenburg*, 149 Tex. 498, 235 S.W.2d 891 (1951).

■ The effect of the petition filed by Allen was that he intervened in the suit filed by Regal against the Hansels for the purpose of prosecuting the suit as the sole shareholder of the corporation. As the beneficial owner of the assets of Regal, Allen was entitled to take this action. *Humble Oil & Refining Co. v. Blankenburg*, supra. Hansel asserts that there is no evidence that Allen is the sole shareholder of the corporation. Mr. Allen was asked whether he was the sole remaining shareholder of Regal Construction Company and answered "yes, sir" before an objection was made. A proper objection was made and the court sustained it, but no motion to strike was made and no instruction to disregard given the jury. Subsequently the attorney for Mr. Hansel produced an affidavit made by Mr. Allen in a summary judgment proceeding in the case and proved by him that the statements appearing therein were true. The affidavit was then offered into evidence and received without objection. Mr. Allen stated in the affidavit that he was the sole shareholder of Regal Corporation. Thereafter in explaining his answers to certain questions put to him by the attorney for the Hansels, Mr. Allen testified that he was the sole owner of Regal Construction; that Regal and he were one; and that he was the sole proprietor of Regal. There was no objection to the statements. We conclude that there is evidence that Mr. Allen was the sole remaining shareholder of Regal Construction Company.

■ It is a general rule that in order to contest the plaintiff's capacity to sue, an objection must be made by a plea in abatement in the trial court, and the issue cannot be urged for the first time on appeal. *Allen v. Wilkerson*, 396 S.W.2d 493 (Tex.Civ. App.—Austin 1965, writ ref'd n. r. e.). There is no sworn denial that Allen lacked the legal capacity to prosecute the suit as the sole stockholder for the benefit of the corporation. Such a pleading is required by Rule 93(b), T.R.C.P.

Article 5539b V.A.C.S. provides in pertinent part:

Whenever any pleading is filed by any party to a suit embracing any cause of action, cross-action, counterclaim, or defense, and at the time of filing such pleading such cause of action, cross-action, counterclaim, or defense is not subject to a plea of limitation, no subsequent amendment or supplement changing any of the facts or grounds of liability or of defense shall be subject to a plea of limitation, provided such amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction and occurrence.

The Supreme Court of Texas has held that the test to determine the applicability of Article 5539b, supra, is "whether the cause of action alleged in the amended petition is 'wholly based upon and grows out of a new, distinct or different transaction and occurrence.'" *Leonard v. Texaco, Inc.*, 422 S.W.2d 160, 163 (Tex.1967). In *Hallaway v. Thompson*, 148 Tex. 471, 226 S.W.2d 816 (Tex.1950), the Supreme Court held that an amendment to plaintiff's petition substituting as defendant the same individual as trustee of a second railroad as was sued in the original petition in his capacity as trustee of another railroad did not state a new cause of action barred by limitations.

In *Yeary v. Hinojosa*, 307 S.W.2d 325 (Tex.Civ.App.—Houston 1957, no writ) we held that the substitution by an amended petition of an injured employee individually as plaintiff, instead of the employer's insurance carrier, was not barred by Article 5526, V.A.C.S., where each petition asserted the same cause of action. Again in *Marek v. Goldsum*, 243 S.W.2d 461 (Tex.Civ.App.—Galveston 1951, no writ) we held that the substitution in an amended petition of a corporation as plaintiff instead of the corporate general manager in a suit upon an open account was not barred by limitation.

Allen's suit, whether prosecuted in his individual capacity or as the sole stockholder of Regal Construction Company, is not barred by limitation. *Becker et al. v. Directors of Gulf City St. Ry. & Real-Estate Co. et al.*, 80 Tex. 475, 15 S.W. 1094 (1891).

■ The Hansels contend that the judgment entered by the trial court is correct for the reason that Allen has judicially admitted that Regal is not entitled to recover from the Hansels. In an affidavit filed by Allen in opposition to a motion for a summary judgment, he made the statement "I would ask the court to note that in the amount claimed by plaintiff, there is not one penny due for payment to Regal Construction Company, but I am only asking for the amount of money that I paid out of my pocket to complete the (Hansel's property)." This statement was identified by Allen and was introduced into evidence by Hansel. Allen explained the statement at various points in his testimony, which was to the effect that as sole owner of Regal he was forced to pay the subcontractors in order to keep Regal in business. The work done on Hansel's house was done by subcontractors and it was not contemplated that Regal would make a profit on the job. He testified that the agreement with Hansel was that he would pay the actual cost of the construction, and that he had not paid that amount to Regal.

■ The statement in the affidavit does not amount to a judicial admission under the rules established by our courts. *Griffin v. Superior Insurance Company*, 161 Tex.

195, 338 S.W.2d 415 (1960); *United States Fidelity and Guaranty Company v. Carr*, 242 S.W.2d 224 (Tex.Civ.App.—San Antonio 1951, writ ref'd). The statement is not deliberate, clear and unequivocal. The affidavit was part of the summary judgment evidence, and despite the fact that it was introduced into evidence at the trial it does not constitute a judicial admission. An extra-judicial admission is not conclusive but is merely evidence to be given such weight as the trier of facts may see fit to accord it. *Harris County v. Hall*, 172 S.W.2d 691 (Tex. 1943); *Le Compte v. Sanders*, 378 S.W.2d 861 (Tex.Civ.App.—Houston 1964, writ ref'd n. r. e.).

■ In acting upon a motion for judgment notwithstanding the verdict all testimony must be considered in a light most favorable to the party against whom the motion is sought, and every reasonable intendment deducible from the evidence is to be indulged in such party's favor. To sustain the action of the trial court in granting the motion it must be determined that there was no evidence with probative force upon which the jury could have made the findings relied upon. The court may render judgment notwithstanding the verdict if a directed verdict would have been proper. *Linder v. Citizens State Bank of Malakoff, Texas*, 528 S.W.2d 90 (Tex.Civ.App.—Tyler 1975, writ ref'd n. r. e.).

■ The court is authorized to disregard the answer made by a jury to a special issue only when it has no support in the evidence or when the issue is immaterial. *C. & R. Transport, Inc. v. Campbell*, 406 S.W.2d 191 (Tex.1966).

■ The trial court erred in entering a judgment notwithstanding the verdict in this case. At the time the parties rested, evidence of probative force was before the court to support fact findings which would have required a judgment for the plaintiffs. *Eubanks v. Winn*, 420 S.W.2d 698 (Tex. 1967).

■ On a proper motion by Hansel, the trial court disregarded the answer made by

the jury to Special Issue No. 2. The jury was asked by this issue to determine from a preponderance of the evidence "on July 12, 1974, what amount of money do you find to have been agreed upon as the price for such services", and the jury answered "$32,190."

Mrs. Hansel testified that in July Regal submitted to the Hansels a written estimate of $26,190. She stated that in her opinion the word "estimate" meant a "good guess". Mr. Hansel testified that at the July meeting Regal presented them with a written estimate "outlining what had been done, what they presumed had been done and what we had paid and what was yet to be done and paid." He stated that the total amount was a figure of $26,190 approximately, and that it was agreed at that time that the work could not cost any more.

Mr. Allen testified that the figure of $26,-190 was mentioned at the meeting in July, but that he stated that it would cost $4,000 to $6,000 more. He testified that the agreement from the beginning was that the Hansels would pay him the actual cost of the work and that no agreement setting a fixed cost for the Hansels was ever made.

Mr. Heuth, the president of Regal, testified that he was present at the July meeting and that he did not recall any agreement to fix the total cost to the Hansels at $26,190. He testified that at that time the expenses incurred and those anticipated "came to almost $33,000 not counting the things which Mr. Hansel was handling himself such as carpet and air conditioning and similar items." He stated that he told them at that time that he expected the cost to be $8,000 to $10,000 in addition to the amount already expended. He testified that Mr. Hansel told him not to worry about where the money was coming from so long as the job was completed, and he agreed that they should proceed and get the house finished in the most expeditious manner.

The testimony on one side was that there was a specific price agreed upon of $26,190. On the other side the testimony was that there was an agreement to pay the actual cost estimated to be in the neighborhood of $33,000. The plaintiff alleged that Regal furnished labor and materials to the Hansels and that they agreed to pay therefor. No specific total was alleged or proven. The jury was entitled to determine that the parties had agreed that the Hansels were to pay the actual cost of the labor and materials and, therefore, had agreed that the Hansels were to pay the total sum of $32,190, which the jury found to be the actual cost of the labor and materials furnished. There is evidence to support the answer made by the jury to Special Issue No. 2.

A judgment notwithstanding the verdict is authorized under Rule 301, T.R.C.P., only when a directed verdict would have been proper; and special issue findings may be disregarded which are immaterial or have no support in the evidence. It clearly appears that an instructed verdict would not have been proper in this case, and there is evidence to support the answer to a material issue which was disregarded. *Eubanks v. Winn*, 420 S.W.2d 698 (Tex.1967).

The jury found that Regal Construction Company failed to perform the services rendered in a good and workmanlike manner to the damage of Phill Hansel and his wife Nancy Hansel in the sum of $2,000. Allen contends that "this amount is not supported by the greater weight of creditable evidence." Mrs. Hansel testified that she had paid over $2,000 to outside contractors to repair the work not done in a proper manner. She also testified that these repairs were performed by B.I.F. Construction. A representative of that company testified that the company had performed two repair jobs at a total cost of about $1,275. There is considerable testimony by the Hansels as to poor workmanship in other respects. As an example they contended that a foundation poured by Regal Construction had cracked and that it would cost about $4,608 to repair. However, there was other testimony that such cracks appear in foundations in this area due to movements of the earth. The evidence was sufficient to support the answer made by the jury.

The jury also found that $1,500 would be a reasonable attorney's fee for the services

rendered in behalf of Regal Construction Company in the prosecution of this cause of action.

The judgment of the trial court is reversed and judgment is here rendered in favor of James L. Allen in his capacity as a shareholder of Regal Construction Company and against Phill Hansel and Nancy Hansel in the sum of $5,500. This amount is arrived at by deducting the sum of $26,190, the amount the evidence shows to have been paid to Regal by the Hansels, from the sum of $32,190, the sum found by the jury in answer to Special Issue No. 2; then the $2,000 damage to the Hansels found by the jury in answer to Special Issue No. 5 must be deducted and the $1,500 attorney's fee added, resulting in the sum awarded. Interest at the statutory rate will be allowed from May 4, 1979, the date of judgment.

### On Motion for Rehearing

Appellees, Phill and Nancy Hansel, have filed a motion for rehearing in which they assert this court was in error in holding that James L. Allen, the sole stockholder of Regal Construction Company, had standing to prosecute a suit originally filed by Regal Construction Company after the corporate charter of that company had been forfeited by the Secretary of State for failure to pay franchise taxes. They point out that we failed to comment on the holding of the Supreme Court of Texas in *Pratt-Hewit Oil Corporation v. Hewit*, 122 Tex. 38, 52 S.W.2d 64 (Tex.1932) in which the court stated: " . . . If the cause of action sought to be asserted is merely the ordinary one which accrues to the corporation in the due course of its business, it is of course barred from bringing the same, nor can such suit be maintained for its benefit by its agent, assignee, or stockholder." However, the court also stated: " . . . when a corporation, domestic or foreign, has been denied the right to use our courts as a penalty for its failure to comply with the laws of this state, the property the corporation holds in trust for its stockholders is not subject to appropriation by third parties. In such cases, the suit must be brought, not for the benefit of the corpora-

tion, but by the individual stockholders, suing in their own right. A court of equity, in such case, possesses full power and authority to take such action as is necessary and proper to protect the interests of the stockholders in the corporate property . . . . "

Our attention has also been called to the case of *Jones v. Central States, Southeast and Southwest Acres Pension Fund, et al.,* 552 S.W.2d 578 (Tex.Civ.App.—Dallas 1977, no writ). In that case the court held that the right of shareholder action is contingent upon a showing of corporate disability, and when that disability is removed, the shareholder suit is necessarily mooted. This case recognized the right of the shareholder to bring suit where the corporation lost its right to sue for failure to pay franchise taxes.

The case of *McGown v. Kittel*, 480 S.W.2d 47 (Tex.Civ.App.—Fort Worth 1972, writ ref. n. r. e.), also cited, was an action by a shareholder of a corporation whose charter had been forfeited for nonpayment of franchise taxes to liquidate the corporation. Prior to the trial of the suit the corporate charter was reinstated. The significant holding of the court was that the forfeiture of the corporate charter did not extinguish the corporation as a legal entity so long as there was a statutory right to have the corporate charter reinstated.

In *Longoria v. Atlantic Gulf Enterprises, Inc.,* 572 S.W.2d 71 (Tex.Civ.App.—Corpus Christi 1978, writ ref. n. r. e.), the court rejected the contention that upon the forfeiture of a corporate charter for failure to pay franchise taxes the corporate existence ends and title to the corporate assets vests in the sole shareholder rendering him personally liable as a sole proprietor for all corporate obligations.

The contention is made, based upon language found in *Longoria v. Atlantic Gulf Enterprises, Inc., supra,* and *McGown v. Kittel, supra,* that *Humble Oil & Refining Co. v. Blankenburg,* 149 Tex. 498, 235 S.W.2d 891 (1951) is no longer authoritative because the legislature has now provided a statutory method for securing the reinstate-

ment of a forfeited corporate charter. The conclusion is drawn that the only method for protecting the assets of the corporation which are in litigation is to revive the corporate charter and thereby the corporation's right to defend or prosecute a lawsuit. While we recognize that the legislature has provided a simple and effective method by which corporate assets may be protected, we feel that the rules of law approved by the Supreme Court of Texas in the *Humble Oil & Refining Co.* case and the *Pratt-Hewit Oil Corporation* case are binding on this court. The corporate charter of Regal Construction Company has been forfeited and as a result it cannot prosecute the suit. Mr. Allen has prosecuted it in his individual capacity as a stockholder and falls within those rules of law.

Other points are presented in the motion for rehearing and have been considered by the court. The motion for rehearing is denied.