### EL T. MEXICAN RESTAURANTS, INC., Appellant,

v.

### J. Roland BACON, Appellee.

No. 01–92–00605–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 5, 1995.

Rehearing Overruled March 28, 1996.

Rosalie M. Lopez, Houston, for appellant.

Steve E. Couch, Houston, for appellee.

Before DUGGAN,* ANDELL and HUTSON–DUNN, JJ.

## OPINION

ANDELL, Justice.

In this case we must decide whether the sole shareholder of an existing corporation that has had its charter forfeited for failure to pay franchise taxes, but that has not been dissolved, can become a successor in interest to the corporation, such that the shareholder may bring suit personally and recover individually on the corporation's cause of action. We hold that he may not.

This is a suit on an oral agreement. Appellant, El T. Mexican Restaurants, Inc., ap-

---

* Justice Duggan, who retired December 31, 1994, continues to sit by assignment for the disposition of this case, which was submitted prior to that date.

peals from a $31,918.06 judgment on the verdict in favor of appellee, J. Roland Bacon, who was the sole shareholder of J. Roland Bacon, Inc. El T. brings five points of error complaining of capacity and standing, limitations, sufficiency of the evidence, jury charge, denial of new trial in light of newly discovered evidence, and prejudgment interest rate. We reverse and render judgment that Bacon take nothing.

## I.  The Dispute

Appellee, J. Roland Bacon, was an independent insurance agent who had operated as a sole proprietorship from 1963 until he incorporated in 1977. Upon his incorporation, he became the sole shareholder of J. Roland Bacon, Inc., through which he carried on his insurance business. In 1981, appellant, El T. Mexican Restaurants, Inc., entered into an oral agreement with the Bacon corporation for the Bacon corporation to obtain insurance coverage for El T. The Bacon corporation was to receive a commission from its sales of policies.

Bacon testified that the Bacon corporation obtained coverage for El T., advanced premium payments to the carriers on El T.'s behalf, and billed El T. for premium payments due, which El T. did not pay. At trial, El T. did not dispute its obligation to reimburse, but claimed that it had already paid the Bacon corporation the premiums owed. The jury found otherwise, and returned a verdict in favor of Bacon individually. The trial court rendered judgment on the verdict and Bacon recovered in his individual capacity.

## II.  Course of the Litigation

Bacon testified that he decided not to continue doing business as a corporation and chose not to pay corporate franchise taxes in 1984. The Secretary of State forfeited the Bacon corporation's charter that year. Bacon did not plead or testify that he had dissolved the corporation, nor that it had been dissolved involuntarily; neither does he argue dissolution on appeal.

Bacon contends that this cause of action accrued to the Bacon corporation in 1983, when El T. did not pay its debt to the Bacon corporation. In 1985, Bacon filed this suit in the name of the Bacon corporation. In 1990, Bacon amended the petition, deleting the Bacon corporation and substituting himself as "successor in interest" on the corporation's 1983 cause of action. El T. answered this substitution with a challenge to Bacon's right to recover individually on the corporation's cause of action.

At trial, El T. moved for directed verdict, asserting that neither the corporation nor Bacon could recover on this cause of action. The court denied the motion for instructed verdict.

## III.  Arguments and Analysis

El T. asserts, among other points of error, that: (1) Bacon has no right to recover individually as a shareholder on the corporation's cause of action; and (2) the suit was void from the outset because the Bacon corporation had no capacity to bring the suit in the first instance.

### Standard of Review for Instructed Verdict

In its first point of error, El T. asserts the trial court erred in denying its motion for instructed verdict. An instructed verdict is proper when no issue of fact is presented by the evidence, or where no other verdict than the one requested could properly be sustained. *Szczepanik v. First Southern Trust Co.*, 883 S.W.2d 648, 649 (Tex.1994) (per curiam).

### Standing and Capacity

Standing is a party's justiciable interest in the suit, *Pankhurst v. Weitinger & Tucker*, 850 S.W.2d 726, 729 (Tex.App.—Corpus Christi 1993, writ denied), and is a component of subject-matter jurisdiction. *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 443, 445–46 (Tex.1993); *see Davis v. City of Houston*, 869 S.W.2d 493, 494 n. 1 (Tex.App.—Houston [1st Dist.] 1993, writ denied).[1] Capacity is a party's legal

---

1.  Standing requires that a party have some interest peculiar to himself individually and distinguishable from the interests of the general public. *Pankhurst*, 850 S.W.2d at 729. *Cf. Texas*

authority to go into court to prosecute or defend a suit. *See Davis,* 869 S.W.2d at 494 n. 1; *cf.* TEXAS TAX CODE ANN. §§ 171.251–171.252 (Vernon 1992) (prohibiting corporation that has not paid its franchise taxes from going into Texas state courts to sue or defend except in an action for forfeiture of charter). To bring suit and recover on a cause of action, a plaintiff must have both standing and capacity.

Bacon claims to be a successor in interest to the corporation, which, if true, would provide him with the standing needed to recover individually on this cause of action. For the reasons discussed in our analysis below, we hold that Bacon is not a successor in interest to the corporation and has no standing to bring this suit for himself. The corporation had standing, but no capacity, as our analysis will demonstrate.

### Suit Not Void from Corporate Incapacity

The Bacon corporation sued El T. on the oral agreement in 1985, after the forfeiture of both the corporate privileges to sue and the corporation's charter.[2] Thus, it lacked capacity to sue. However, a plaintiff's incapacity does not make a suit void. Lack of capacity must be challenged with a verified plea in abatement or it is waived. TEX. R.CIV.P. 93; *Bluebonnet Farms, Inc. v. Gibraltar Savings Ass'n,* 618 S.W.2d 81, 83–85 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). A challenge to capacity cannot be urged for the first time on appeal. *Regal Constr. Co. v. Hansel,* 596 S.W.2d 150, 153 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). El T. did not challenge the corporation's capacity to sue with a verified plea in abatement, as required by TEX. R.CIV.P. 93(1), and it has waived this complaint.

El T. did, however, challenge Bacon's right to recover individually as a shareholder on the corporation's cause of action, when Bacon substituted himself as plaintiff. El T. has asserted at trial and on appeal that Bacon does not own this cause of action and cannot recover on it individually. We construe this as a challenge to Bacon's standing as an individual shareholder of an incapacitated, but still existing, corporation. The standing issue is dispositive of this appeal, as shown below.

### Shareholder Was Not a Successor in Interest

When Bacon substituted himself as "successor in interest" to the corporation in the 1990 second amended petition, he alleged this forfeiture of corporate privileges as the reason for his substitution, as follows:

COMES NOW, J. ROLAND BACON, as *successor in interest* to J. Roland Bacon, Inc., Plaintiff in the above entitled and numbered cause complaining herein of EL T. MEXICAN RESTAURANTS and EUGENE YBARRA, Individually ("Defendants"), and for cause of action would show unto the Court as follows:

I.

Plaintiff is *an individual* residing in Harris County, Texas[.]

. . . .

II.

*The charter of J. Roland Bacon, Inc. was forfeited* by the Secretary of State as of February 20, 1984. J. Roland Bacon, *as the sole shareholder* of that corporation, maintains *beneficial title to that corporation's assets* and thus J. Roland Bacon is

---

*Ass'n of Business,* 852 S.W.2d at 444 ("Under the Texas Constitution, standing is implicit in the open courts provision, which contemplates access to the courts *only for those litigants suffering an injury.*") (Emphasis added.)

**2.** A corporation that fails to pay its franchise taxes forfeits its right to sue in Texas state courts. TEXAS TAX CODE ANN. §§ 171.251–171.252 (Vernon 1992); *Hardwick v. Austin Gallery of Oriental Rugs, Inc.,* 779 S.W.2d 438, 441 (Tex.

App.—Austin 1989, writ denied). The forfeiture of privileges and the forfeiture of charter are two distinct and successive forfeitures, governed by different statutory provisions and carried out by two different governmental officers—the comptroller of the currency and the Secretary of State, respectively. TEX.TAX CODE ANN. §§ 171.301–171.302, 171.309–171.310 (Vernon 1992); *Hardwick,* 779 S.W.2d at 441. Neither of these forfeitures constitutes a dissolution.

entitled to prosecute this lawsuit to protect his property rights.

(Emphasis added.)

This was the petition by which Bacon himself entered the suit.[3] As these words show, Bacon claimed his right to substitute himself individually in the place of the corporation as "successor in interest" on the grounds that the Secretary of State had forfeited the charter of the Bacon corporation. As a result of such forfeiture, according to Bacon's petition, Bacon himself acquired *beneficial title* to the corporation's assets, which would include all causes of action. He claimed that this beneficial title was enough to legally entitle him to prosecute this suit to protect his property rights *and to recover the judgment in his own name.*

■ Bacon argues that, as sole shareholder, he owns the cause of action. This is not the case. Although Bacon owns all the stock in the Bacon corporation, the corporation itself holds the assets, including its causes of action. *White v. Independence Bank, N.A.,* 794 S.W.2d 895, 897 (Tex.App.— Houston [1st Dist.] 1990, writ denied). A shareholder may not sue in his own name and for his own benefit on a cause of action belonging to a corporation, even if that shareholder is indirectly injured. *Wingate v. Hajdik,* 795 S.W.2d 717, 719 (Tex.1990); *White,* 794 S.W.2d at 897. This is true even for sole shareholders. *Wingate,* 795 S.W.2d at 718–19. Neither *Wingate* nor *White,* however, involved incapacitated corporations where beneficial title to corporate assets vested in the shareholders. We must determine whether the corporate incapacity confers upon shareholders such a right to recover.

Bacon himself, as shareholder, cannot recover a cause of action that belongs to the Bacon corporation.[4] For Bacon to recover on this cause of action, he must have acquired it from the Bacon corporation. Bacon claims that the vesting of beneficial title con-stitutes the acquisition of the corporate cause of action.

## Devolution of Capacity Without Standing

■ When the corporation forfeited its privileges to sue in state courts, the title to its assets bifurcated; legal title remained in the corporation and beneficial title vested in Bacon himself as shareholder. *Regal Constr. Co.,* 596 S.W.2d at 153. As the holder of the beneficial title to the Bacon corporation's assets, Bacon was entitled to "prosecute or defend such actions in the courts as may be necessary to protect [his] property rights." *Humble Oil & Ref. Co. v. Blankenburg,* 149 Tex. 498, 235 S.W.2d 891, 894 (1951); *Regal Constr. Co.,* 596 S.W.2d at 153. This entitlement to prosecute and defend actions in state courts is what is meant by the term "capacity."

Capacity to sue devolves upon the shareholders of a corporation when that corporation becomes incapacitated. Standing to sue, however, does not devolve upon the shareholders, and they must sue as representatives of the corporation, which still owns legal title to its cause of action.

This entitlement to go into court *for the corporation* does not amount to the right to *recover individually* on the corporate cause of action. Bacon relies upon *Regal Construction* for his claim that he is entitled to recover personally on the corporation's cause of action. In that case, the construction company was incorporated and in good standing at the time it filed suit on an oral contract against the Hansels. 596 S.W.2d at 152. After filing suit, the corporation allowed its charter to be forfeited for failure to pay franchise taxes, and the sole shareholder, Allen, carried on the suit. As with the present case, the corporation in *Regal Construction* had not been dissolved. *Id.* at 153.

However, *Regal Construction* is distinguishable from this case on three grounds. First, and most important, the Hansels never

---

3. Bacon also filed a third amended petition, which asserted no other basis for his capacity to sue but simply repeated the paragraphs quoted above.

4. Bacon cannot recover on a breach of a legal right belonging to the corporation. *See Pankhurst,* 850 S.W.2d at 729 ("Without a breach of a legal right belonging to a plaintiff, no cause of action arises or can accrue to the plaintiff's benefit.")

challenged Allen's right to prosecute the corporation's suit as its sole shareholder. *Id.* Hence, in *Regal Construction* this Court did not have to determine whether the sole shareholder had such a right to recover.

Second, Allen maintained that suit "for the benefit of the corporation." *Id.* This is consistent with our conclusion that the corporation has standing even after its incapacity, but that the shareholder has only capacity but not standing. Bacon made no such pleading that he was suing for the benefit of the corporation or as its representative.[5] Indeed, he emphatically asserted that he, as an individual, was successor in interest.

Finally, Allen intervened to assert his own economic injury; the opinion suggests that Allen himself was a party to the contract. Allen's own individual economic injury would be the basis of his standing to recover personally under the contract. We have no such pleading or showing in the present case. Thus, Allen apparently sued in a dual capacity: (1) as an individual for his own injuries arising from the contract, for which injuries he had standing to sue individually; and (2) as a shareholder representative for the benefit of the corporation, Regal Construction Company, which had standing to sue under the contract but no capacity to sue. *Id.* at 153–154. *Regal Construction* is distinguishable from the present case and does not control.

We note again that legal title to all corporate assets *remains in the corporation* after the bifurcation. *Regal Constr. Co.,* 596 S.W.2d at 153. A shareholder's beneficial title to a corporate cause of action is not the complete title. A corporation with legal title to a cause of action may still dispose of that

cause of action even without resort to Texas state courts.[6]

Because the legal title to the corporation's assets remains in the corporation, we conclude that the "property rights" that the shareholders are entitled to protect in this scenario are the value of their shares, which may be indirectly affected by injuries to the corporation. *See Hajdik v. Wingate,* 753 S.W.2d 199, 201 (Tex.App.—Houston [1st Dist.] 1988) ("stockholder, merely as such, cannot have an action on his own behalf against one who has injured the corporation, however much the wrongful acts have *depreciated the value of his shares*") (emphasis added), *aff'd,* 795 S.W.2d 717, 719 (Tex.1990). If the shareholders had a "property right" in the corporation's cause of action itself, then the split between beneficial title and legal title would be meaningless.

None of Bacon's authorities support his claim that he is a "successor in interest." The forfeiture of privileges for failure to pay franchise taxes creates only a temporary change of status because the privileges may be revived under TEX.TAX CODE ANN. § 171.258 (Vernon 1992). The same is true of the forfeiture of corporate charter, which may be revived under TEX.TAX CODE ANN. §§ 171.312–171.314 (Vernon 1992). Only dissolution of the corporation would be permanent.[7] If a shareholder acquires *beneficial* title to corporate assets by the corporation's forfeiture of corporate privileges, when such privileges may still be revived, this shareholder is not properly a "successor in interest" that can recover personally on a corporation's cause of action.

### Stages of Corporate Decay

As the above analysis shows, Texas statutes and case law provide four distinct stages

---

5. Bacon could have brought this suit in a representative capacity for the incapacitated corporation. *See Pankhurst,* 850 S.W.2d at 729.

6. The Bacon corporation's forfeitures legally barred it from assigning its cause of action to Bacon for prosecution in Texas courts. *See Pratt–Hewit Oil Corp. v. Hewit,* 122 Tex. 38, 52 S.W.2d 64 (1932); *Rushing v. International Aviation Underwriters,* 604 S.W.2d 239, 242 (Tex.Civ. App.—Dallas 1980, writ ref'd n.r.e.). But a corporation may transfer its assets after forfeiture and maintain the cause of action in a jurisdiction other than Texas. *Purcel v. Wells,* 236 F.2d 469,

471 (10th Cir.1956) (applying Texas law). Hence, the Bacon corporation, and not Bacon himself, still "controls" the cause of action through the legal title.

7. Even after an involuntary dissolution by the Secretary of State, the corporation has a 12–month window of opportunity during which it may be reinstated. TEX.BUS.CORP.ACT ANN. art. 7.01(E) (Vernon 1980). This is not the equivalent of reviving the corporate charter under TEX. TAX CODE ANN. §§ 171.312–171.314 (Vernon 1992).

through which a corporation may pass. In order progressing toward non-existence, these are as follows.

**Stage 1—Fully Functional:** A corporation may be in good standing with (a) the right to conduct business in this state and (b) the privilege to sue and defend in Texas state courts.

**Stage 2—No Privilege to Sue:** A corporation may forfeit its corporate privileges to sue and defend in state courts, yet still maintain its charter to conduct business in this state. Tex.Tax Code Ann. §§ 171.251–171.252 (Vernon 1992 & Supp.1994); *Hardwick*, 779 S.W.2d at 441.

**Stage 3—No Right to Conduct Business:** In addition to forfeiting the privilege to use state courts, a corporation may also forfeit its charter, by which the State had granted the corporation the right to do business in this state. Tex.Tax Code Ann. §§ 171.301–171.302, 171.309–171.310 (Vernon 1992); *see Regal Constr. Co.*, 596 S.W.2d at 153 (observing that the forfeiture of privileges does not amount to a forfeiture of charter).

**Stage 4—Dissolved:** A corporation may be dissolved either voluntarily or involuntarily. Tex.Bus.Corp.Act Ann. arts. 6.01–6.07, 7.01 (Vernon 1980 & Supp.1994).

▪ The successive forfeitures of corporate privileges and rights are distinct acts, and neither constitutes a dissolution of the corporation. Until the corporation is dissolved, it maintains legal title to its assets.

*Regal Constr. Co.*, 596 S.W.2d at 153. Until dissolution, the shareholders have only beneficial title, *id.*, and cannot bring a corporate cause of action in their own names.

## A Cause of Action in Search of a Plaintiff

▪ This suit alleged a breach of an oral agreement between two corporations. Our analysis shows that the Bacon corporation, which would have been the proper party plaintiff with standing to sue, had become incapacitated from prosecuting this cause. Bacon himself sued on this cause, but he could not recover on the corporation's cause of action by suing as successor in interest, because he did not have legal title to the corporation's assets. Bacon had capacity to bring the suit, but without standing, he could not do so on his own behalf, but only as a representative for the corporation. *See White*, 794 S.W.2d at 898 (for corporate injuries, plaintiff is required to file suit on behalf of corporation). He did not allege that he was suing in a representative capacity on behalf of the corporation for the corporate cause of action. Instead, he claimed to sue on a cause of action that, in fact, did not belong to him. The most that Bacon could have done with this cause of action was to assert it on the corporation's behalf, and he did not do so.[8] Neither Bacon nor the corporation had the combination of both standing and capacity[9] that would be necessary to recover on this alleged breach, and this cause of action must fail.[10]

---

8. Any recovery on a corporate cause of action must be available to pay the corporation's debts. *White*, 794 S.W.2d at 898. A corporation's forfeiture of its privileges to sue does not alter this fact.

9. The corporation owned the legal title to the cause of action and, hence, had standing to sue, but it could not do so because it lacked capacity after forfeiture or its privileges. Bacon, as shareholder and owner of beneficial title only, had no standing to sue individually on the corporation's cause of action. *See Wingate*, 795 S.W.2d at 718–19; *see also Pankhurst*, 850 S.W.2d at 729.

10. Bacon had three ways to recover against El T. on this cause of action. First, he could have paid the past-due franchise taxes, along with the relevant penalties and interest, and revived both the corporate charter and the corporation's privi-

leges to sue in Texas state courts. Tex.Tax Code Ann. § 171.258 (Vernon 1992). Then the Bacon corporation would have been in good standing and could have maintained its own cause of action. Bacon chose not to pursue this option. Second, Bacon could have dissolved the Bacon corporation and properly acquired both its assets and its liabilities. Tex.Bus.Corp.Act Ann. arts. 6.01–6.07 (Vernon 1980 & Supp.1994). He would have become the successor in interest and could have maintained the cause of action himself and properly recovered in his own name. Third, Bacon could have sued in a representative capacity for the incapacitated Bacon corporation. *See Pankhurst*, 850 S.W.2d at 729. Bacon chose none of the three alternative means available to him to pursue this cause of action. He chose to go to trial as an individual claiming a contract right belonging to a corporation that still existed and which still held legal title to the cause of action.

## IV. Conclusion

We hold that a sole shareholder who refuses to pay franchise taxes for his corporation, and does not dissolve the corporation, does not become a successor in interest to the corporation. Thus, he has no standing to sue for injuries to the corporation.

Bacon could not recover individually on the corporation's cause of action. Therefore, the trial court erred in denying El. T's motion for instructed verdict. We sustain El T.'s first point of error. We need not address El T.'s remaining points of error.

We reverse and render judgment that Bacon take nothing.